1 | Richard P. Sybert, Bar No. 80731
email rsybert@gordonrees.com
2 | Yuo-Fong C. Amato, Bar No. 261453
email bamato@gordonrees.com
3 | GORDON & REES LLP
101 W. Broadway, Suite 1600
4 | San Diego, California 92101
tel (619) 696-6700 / fax (619) 696-7124
5 |
6 | Attorneys for Defendant
SCRIBD, INC.

**FILED**

**NUNC PRO TUNC**

NOV 2 3 2009

`09 NOV 30  PM 1: 11`

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                    DEPUTY

7

8 |                    UNITED STATES DISTRICT COURT

9 |                    SOUTHERN DISTRICT OF CALIFORNIA

10

11 | LARRY WILLIAMS,                          ) CASE NO.  09-cv-1836-LAB-WMc
                                           )
12 |                          Plaintiff,     ) **DEFENDANT SCRIBD, INC.'S**
                                           ) **NOTICE OF RULE 12(b)(6)**
13 |        vs.                             ) **MOTION AND MOTION TO**
                                           ) **DISMISS COMPLAINT**
14 | SCRIBD, INC., a corporation, GalaxiaMia sued as )
DOE 1; api_user_11797_malvik as DOE 2;     )
15 | alukmanto as DOE 3; api_user_11797_NEBOJSAJE ) Date:  February 22, 2010
as DOE 4; mikaj as Doe 5; Srikanthbnm sued as ) Time:  11:15 a.m.
16 | DOE 6; api_user_11797_Sathis sued as DOE 7; ) Dept:  9
api_user_11797_tevado... sued as DOE 8;    ) Judicial Officer: Hon. Larry A. Burns
17 | api_user_11797_ingrid... sued as DOE 9; and DOES )
10 to 40 are upload infringers to be named, )
18 |                                          )
                                           )
19 |                          Defendants.    )
   _____ )

20 |        TO PLAINTIFF AND HIS COUNSEL OF RECORD:

21 |        PLEASE TAKE NOTICE that on February 22, 2010, at 11:15 am or as soon thereafter as

22 | the matter may be heard, in Department 9 of the above-entitled Court located at 940 Front Street,

23 | San Diego, California, in the courtroom of the Honorable Larry A. Burns, United States District

24 | Judge, Defendant SCRIBD, INC. ("Defendant" or "Scribd") will and hereby does move this

25 | Court for an order to dismiss, without leave to amend, all four claims of the Complaint.

26 |        This motion is made pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), that the

27 | Complaint fails to state a claim upon which relief can be granted, on the following grounds:

28 |                                   **ORIGINAL**

1       1.     Plaintiff's first claim, for alleged copyright infringement, fails to state a claim

2 upon which relief can be granted, because Plaintiff fails to state a claim for direct, contributory,

3 or vicarious copyright infringement as to Scribd.  Further, Scribd is protected under the Safe

4 Harbor provision of the Digital Millennium Copyright Act, 17 U.S.C. § 512.

5       2.     Plaintiff's second claim, for alleged conspiracy to commit copyright infringement,

6 fails because, if it is a federal claim it is identical to the first claim as contributory copyright

7 infringement, and if it is a state law claim it is preempted by the federal Copyright Act, 17

8 U.S.C. § 101 *et seq.*

9       3.     The third claim, for alleged misappropriation of right of publicity, fails as to

10 Scribd because it is preempted by the federal Cox-Wyden Amendment to the Communications

11 Decency Act, 47 U.S.C.§ 230.

12       4.     The fourth claim, for alleged unjust enrichment, fails because it is preempted by

13 the federal Copyright Act, 17 U.S.C. § 101 *et seq.*

14       This Motion is based upon this Notice of Motion, the accompanying Memorandum of

15 Points and Authorities and the attached Declarations and Exhibits in support thereof, and all

16 pleadings, papers, and records on file in this action, deemed to be on file, or of which this Court

17 may take judicial notice as of the time the Motion is heard, and upon such further oral argument

18 and documentary evidence as may be presented at the time of the hearing.

Dated:  November 23, 2009

Respectfully submitted,
GORDON & REES LLP

by  *Richard P Sybert*

Richard P. Sybert
Yuo-Fong C. Amato
Attorneys for Defendant
SCRIBD, INC.

-ii-

# TABLE OF CONTENTS

Section | Page

| | | |
|---|---|---|
| I. | Introduction ............................................................................................ | 1 |
| II. | Facts ..................................................................................................... | 1 |
| III. | Applicable Law ..................................................................................... | 5 |
| | A. | The Rule 12(b)(6) Standard. ......................................................... 5 |
| | B. | This Court Can Consider Evidence Not Attached to the Complaint. .......... 6 |
| | | 1. This Court Can Consider the Copyright Registrations. ................... 7 |
| | | 2. This Court Can Consider Plaintiff's Counsel's Declaration and Its Attachments. ........................................................................ 7 |
| | | 3. This Court Can Consider Scribd's *Responses* to the Correspondences Attached to the Declaration. ............................... 8 |
| | | 4. This Court Can Consider Plaintiff's Other Correspondences and Scribd's Reponses to Those Correspondences. ......................... 9 |
| | | 5. This Court Can Consider Other Documents Evidencing Scribd's Qualifications for the DMCA's "Safe Harbor." ............... 9 |
| IV. | Argument .............................................................................................. | 11 |
| | A. | Plaintiff Fails to Sufficiently Plead the First Claim for Copyright Infringement. .............................................................................. 11 |
| | | 1. Plaintiff Fails to Sufficiently Plead Direct Copyright Infringement. ................................................................................ 11 |
| | | 2. Plaintiff Fails to Sufficiently Plead Contributory Copyright Infringement. ................................................................................ 12 |
| | | 3. Plaintiff Fails to Sufficiently Plead Vicarious Copyright Infringement. ................................................................................ 13 |
| | | | a. Plaintiff Offers No Facts to Support His Claim that Scribd Received a Direct Financial Benefit. ............. 14 |
| | | | b. Plaintiff Offers No Facts to Support His Claim that Scribd, If It Had the Right and Ability to Supervise and Control the Allegedly Infringing Activity, Refused to Do So. ........................................... 15 |
| | | 4. The DMCA Supports Dismissal of the Copyright Infringement Claim. ...................................................................... 16 |
| | | | a. Scribd is a "Service Provider." .......................... 17 |
| | | | b. Scribd Adopted and Reasonably Implemented a Termination Policy for Repeat Infringers. ........... 18 |
| | | | c. Scribd Accommodates and Does Not Interfere with Standard Technical Measures. ..................... 18 |
| | | | d. Scribd Only Stores Information Controlled by Users. ....... 19 |
| | | | e. Scribd Lacked Actual Knowledge of the Allegedly Infringing Material, and Upon Obtaining Actual Knowledge, Acted Expeditiously to Removed the Material. ................................................... 19 |

-iii-

**TABLE OF CONTENTS** *(cont'd)*

Section                                                                                    Page

f.   Scribd Does Not Have the Right and Ability to
     Control Infringing Activities.............................................20

g.   Scribd Responded Expeditiously to Remove the
     Allegedly Infringing Material Upon Notification..............20

h.   Scribd Has Properly Designated an Agent to Receive
     Notification of Infringement. ............................................21

B.   The Second Claim for Conspiracy to Commit Copyright Infringement
     is Duplicative or Preempted by the Copyright Act....................................21

C.   The Third Claim for Misappropriation of Right of Publicity is
     Preempted by Section 230 of the Communications Decency Act. ...........22

     1.   Scribd is a Provider of "Interactive Computer Services." .............23

     2.   Plaintiff's Alleged Injury Was Caused by Information
          Provided by Another Information Content Provider. ...................23

D.   The Fourth Claim for Unjust Enrichment is Preempted by the
     Copyright Act.................................................................................24

E.   Plaintiff Cannot Cure the Complaint's Defects by Amendment. ..............25

V.   Conclusion ...........................................................................................25

TABLE OF CONTENTS TO SCRIBD, INC.'S MOTION TO DISMISS COMPLAINT
CASE NO. 09-CV-1836-LAB-WMC

## TABLE OF AUTHORITIES

**Cases**

Case Name                                                                                                           Page

*A&M Records, Inc. v. Napster, Inc.*,
239 F.3d 1004 (9th Cir. 2001) ...............................................................11, 12, 13

*A&M Records, Inc. v. Napster, Inc.*,
284 F.3d 1091 (9th Cir. 2002) .................................................................................11

*Abrego v. Dow Chem. Co.*,
443 F.3d 676 (9th Cir. 2006) ....................................................................................8

*Adobe Sys. v. Canus Prods.*,
173 F.Supp.2d 1044 (C.D.Cal. 2001) ......................................................................15

*AMCAL Gen. Contrs., Inc. v. Co.*,
2009 U.S. Dist. LEXIS 97111 (C.D.Cal. Oct. 20, 2009)...........................................7

*Balistreri v. Pacifica Police Dept.*,
901 F.2d 696 (9th Cir. 1990) ....................................................................................6

*Barnes v. Yahoo! Inc.*,
565 F.3d 560 (9th Cir. 2009) ...................................................................................22

*Barnes v. Yahoo! Inc.*,
2009 U.S.App.LEXIS 20053 (9th Cir. June 22, 2009)..............................................22

*Barnes v. Yahoo! Inc.*,
570 F.3d 1096 (9th Cir. 2009) .................................................................................22

*Batzel v. Smith*,
333 F.3d 1018 (9th Cir. 2003) ...........................................................................22, 23

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................................................6

*Brave New Films 501(C)(4)v. Weiner*,
626 F.Supp.2d 1013 (N.D.Cal. 2009) ..........................................................13, 14, 17

*Britz Fertilizers, Inc. v. Bayer Corp.*,
2009 U.S. Dist. LEXIS 96693 (E.D.Cal. Oct. 16, 2009) .......................................6, 7

*Cahill v. Liberty Mut. Ins. Co.*,
80 F.3d 336 (9th Cir. 1996) ......................................................................................6

*Carafano v. Metrosplash.com, Inc.*,
339 F.3d 1119 (9th Cir. 2003) .................................................................................22

*Corbis Corp. v. Amazon.com, Inc.*,
351 F.Supp.2d 1090 (W.D.Wash. 2004)...................................................................18

*CoStar Group, Inc. v. LoopNet, Inc.*,
373 F.3d 544 (4th Cir. 2004) ...................................................................................11

*Doe v. MySpace, Inc.*,
528 F.3d 413 (5th Cir. 2008) ...................................................................................23

*Ellison v. Robertson*,
357 F.3d 1072 (9th Cir. 2004) ...........................................................................12, 16

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*,
499 U.S. 340 (1991)................................................................................................11

**TABLE OF AUTHORITIES** *(cont'd)*

**Cases** *(cont'd)*

Case Name                                                                                   Page

1  *Firoozye v. Earthlink Network,*
       153 F.Supp.2d 1115 (N.D.Cal. 2001) ....................................................24

2  *Fonovisa, Inc. v. Cherry Auction, Inc.,*
3      76 F.3d 259 (9th Cir. 1996) ..............................................................15

4  *Garcia v. Coleman,*
       2008 U.S. Dist. LEXIS 68672 (N.D.Cal. Sept. 8, 2008) ......................................21

5  *In re Gilead Sciences Securities Litigation,*
       536 F.3d 1049 (9th Cir. 2008) ............................................................6

6  *Goddard v. Google, Inc.,*
       2009 U.S. Dist. LEXIS 67203 (N.D.Cal. July 30, 2009)................................17, 22
7
   *Green v. America Online (AOL),*
8      318 F.3d 465 (3d Cir. 2003)..............................................................22

9  *Grosso v. Miramax Film Corp.,*
       2004 U.S.App. LEXIS 28043 (9th Cir. Mar. 15, 2005).........................................24

10 *Hendrickson v. Ebay, Inc.,*
       165 F.Supp.2d 1082 (C.D.Cal. 2001) .................................................18, 20

11 *Io Group, Inc. v. Veoh Networks Inc.,*
       586 F.Supp.2d 1132 (N.D.Cal. 2008) ........................................17, 18, 20
12
   *Kodadek v. MTV Networks,*
13     152 F.3d 1209 (9th Cir. 1998) ......................................................21, 24

14 *Kuoha v. Equifirst Corp.,*
       2009 U.S. Dist. LEXIS 94699 (S.D.Cal. Oct. 7, 2009) ..........................................6

15 *Lopez v. Smith,*
       203 F.3d 1122 (9th Cir. 2000) .............................................................6

16 *Manzarek v. St. Paul Fire & Marine Ins. Co.,*
       519 F.3d 1025 (9th Cir. 2008) .............................................................6
17
   *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.,*
18     545 U.S. 913 (2005)............................................................12, 13, 14

19 *MGIC Indem. Corp. v. Weisman,*
       803 F.2d 500 (9th Cir. 1986) ..............................................................6

20 *Newborn v. Yahoo!, Inc.,*
       391 F.Supp.2d 181 (D.D.C. 2005) .........................................................17

21 *Optinrealbig.com v. Ironport Sys.,*
       323 F.Supp.2d 1037 (N.D.Cal. 2004) ......................................................22
22
   *Parker v. Google, Inc.,*
23     422 F.Supp.2d 492 (E.D.Pa. 2006) .......................................................17

24 *Parrino v. FHP, Inc.,*
       146 F.3d 699 (9th Cir. 1998) ..............................................................8

25 *Perfect 10, Inc. v. CCBill LLC,*
       488 F.3d 1102 (9th Cir. 2007). ...........................................18, 19, 22

26                                             -vi-

28

**TABLE OF AUTHORITIES** *(cont'd)*

**Cases** *(cont'd)*

Case Name                                                                                          Page

1    *Perfect 10, Inc. v. Cybernet Ventures, Inc.,*
        213 F.Supp.2d 1146 (C.D.Cal. 2002).  ...........................................................11, 19

2    *RDF Media Ltd. v. Fox Broad. Co.,*
3       372 F.Supp.2d 556 (C.D.Cal. 2005) ...........................................................................21

     *Religious Tech. Cir. v. Netcom On-Line Commc'n Servs., Inc.,*
4       907 F.Supp. 1361 (N.D.Cal. 1995) ..................................................................11, 12

5    *Shade v. Gorman,*
        2009 U.S.Dist.LEXIS 8554 (N.D.Cal. Jan. 28, 2009) ...........................................24

6    *Swartz v. KPMG LLP,*
        476 F.3d 756 (9th Cir. 2007) ...................................................................6, 7, 8, 9
7
     *Tegg Corp. v. Beckstrom Elec. Co.,*
8       2008 U.S. Dist. LEXIS 96467 (W.D.Pa. Nov. 26, 2008) ......................................21

9    *Tur v. YouTube, Inc.,*
        2007 U.S. Dist. LEXIS 50254 (C.D.Cal. June 20, 2007) ...............................17, 20

10   *UMG Recordings, Inc. v. Veoh Networks Inc.,*
        2009 U.S. Dist. LEXIS 86932 (C.D.Cal. Sept. 11, 2009).........................18, 19, 20

11   *United States v. Ritchie,*
        342 F.3d 903 (9th Cir. 2003) ...........................................................................6
12
     *Universal Commc'n Sys., Inc. v. Lycos, Inc.,*
13      478 F.3d 413 (1st Cir. 2007).............................................................................22, 23

     *Xerox Corp. v. Apple Computer, Inc.*
14      734 F.Supp. 1542 (N.D.Cal. 1990) ...................................................................24

15   *Zito v. Steeplechase Films, Inc.,*
        267 F.Supp.2d 1022 (N.D.Cal. 2003) ...............................................................24

16

17   **Statutes**

18   17 U.S.C. § 102.......................................................................................................24

     17 U.S.C. § 103.......................................................................................................24

19   17 U.S.C. § 512...............................................................1, 5, 7, 9, 10, 16, 17, 18, 19, 21

20   47 U.S.C. § 230..................................................................................1, 22, 23, 24

     F.R.C.P. Rule 12(b)(6)..............................................................................5, 7, 8, 9

21

22

23

24

25

26

27

28

-vii-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Larry Williams ("Plaintiff"), despite being represented by counsel, has asserted four claims against defendant Scribd, Inc. ("Scribd") that he must know are barred by law.  He has nevertheless elected to waste the time of this Court and the time and money of Scribd to bring meritless allegations against Scribd.  Plaintiff's Complaint should be dismissed as to Scribd, as it fails to state claims on which relief can be granted, and it cannot be amended truthfully to remedy this defect.

Plaintiff's first claim for relief, for alleged copyright infringement, does not and cannot sufficiently plead either direct, contributory, or vicarious infringement on the part of Scribd.  Further, as a matter of law and from Plaintiff's own allegations, Defendant Scribd is immunized from liability under the "Safe Harbor" provision, Section 512, of the Digital Millennium Copyright Act ("DMCA").

Plaintiff's second claim for relief, for alleged conspiracy to commit copyright infringement, is redundant if intended as a federal claim, and preempted by the Copyright Act if intended as a state law claim (which is not clear).

Plaintiff's third claim for relief fails because Scribd, as matter of law, is immunized from liability under Section 230 of the federal Communications Decency Act.

Finally, Plaintiff's fourth claim for relief, for unjust enrichment, is preempted by the Copyright Act.

Collectively, this leaves the Plaintiff with nothing.  The Complaint should be dismissed with prejudice as to Scribd.

## II.    FACTS

According to the Complaint, Defendant Scribd, Inc. ("Defendant" or "Scribd") is the largest "social publishing" company in the world, with more than sixty million readers every month.  Complaint ¶ 10.  "Social publishing," according to the Complaint, is an online platform that gives authors from all over the world control to upload and publish documents such as academic papers and creative writing.  *Id.*  Scribd's online platform is its website at

-1-

1   www.scribd.com.  *Id.*  Once authors upload their works to Scribd's website, the works are

2   available free of charge.  *Id.*  Scribd is largely supported by revenues from advertisements.  *Id.*

3          Although less than three years old, Scribd's website is already enormously popular.  The

4   website encourages self-publication of creative writing, facilitates academic peer review, permits

5   the publication of works in the public domain, and allows numerous publishing companies such

6   as Harvard University Press, the Chicago Tribune, and Simon and Schuster, to offer excerpts of

7   their works to promote the sale of full, electronic versions of those works.  Declaration of George

8   Consagra ("Consagra Decl.") ¶¶ 2, 6, and Exhibit F attached thereto.  In short, the Scribd website

9   is a powerful tool that removes barriers between authors, publishers, and readers.  *Id.*

10          Although Scribd does not want unauthorized works on its site, some users abuse the

11  system and upload to Scribd content they are not authorized to upload.  *Id.*; *see* Complaint

12  generally.  Scribd has taken responsible and legal steps to combat this.  Consistent with its anti-

13  infringement policies, Scribd removes infringing and allegedly infringing material from viewer

14  access upon receipt of proper notice from the holder of the copyright on that content or an

15  authorized agent thereof.  *See* Complaint ¶ 17.

16          Plaintiff Larry Williams ("Plaintiff" or "Williams") is the author and the copyright holder

17  of various literary works.  Complaint ¶¶ 8-9.  Plaintiff has listed these works in Paragraphs 8, 22,

18  and 23 of his Complaint.  Of the thirteen listed works in Paragraph 8, two—"Long-Term Secrets

19  to Short-Term Trading" and "The Right Stock at the Right Time"—are registered to John Wiley

20  & Sons, not Mr. Williams.[1]  Declaration of Yuo-Fong C. Amato ("Amato Decl.") Decl. ¶¶ 2-3

21  and Exhibits A and B attached thereto.  Another work appears as a duplicate ("Day Trade

22  Futures Online By Larry Williams" with registration no. TX5236386, and "Day Trade Futures

23  Online" with registration no. TX0005236386).  Paragraphs 22 and 23 of the Complaint allege an

24  additional six works but without copyright registration numbers.  A search of the United States

25  Copyright Office website did not yield results for the titles as alleged.  Complaint ¶¶ 22-23;

26  / / /

27

28

---

[1] Not only did Plaintiff pass off some of the John Wiley & Sons ("Wiley") copyrights as his own, but in fact Wiley has since partnered with Scribd to display (and later sell) some of its publications on the Scribd website. *See* Wiley's Scribd profile, available at http://www.scribd.com/Wiley.

1  Amato Decl. ¶ 5. Thus, the Complaint alleges only alleges infringement of ten copyrighted

2  works.

3       Of these ten facially-valid copyrights registered to Plaintiff, the available evidence shows

4  that *only two were posted on the Scribd website*—"The Secret of Selecting Stocks for Immediate

5  and Substantial Gains" and "Larry Williams Forecast 2009." *Id.* at ¶¶ 2-4 and Exhibits A-C

6  attached thereto; Consagra Decl. ¶¶ 7-16 and Exhibits G-P attached thereto. And, as set forth

7  below, *Scribd removed them promptly upon receipt of proper notice from Plaintiff.*

8       A matrix of these titles shows this breakdown:

| *Title of Work* | *Registration No.* | *Complaint* ¶ |
|---|---|---|
| **Works Registered to John Wiley & Sons (not Plaintiff)** | | |
| Long-Term Secrets to Short-Term Trading | TX4945747 | 8 |
| The Right Stock at the Right Time | TX5814735 | 8 |
| **Works Not Registered** | | |
| 10 Year Pattern in the U.S. Stock Market | N/A | 22, 23 |
| A Classic Larry Williams Trading Pattern | N/A | 22, 23 |
| Inner Circle Workshop Notes | N/A | 22, 23 |
| The False Break Buy & Sell Pattern | N/A | 22, 23 |
| My Million Dollar Stock Market Concept | N/A | 22, 23 |
| How to Trade Better | N/A | 22, 23 |
| **Works Registered to Plaintiff But No Record of Upload to Scribd.com** | | |
| Secrets of the COT Report | TX0006254327 | 8 |
| How I Made One Million Dollars Last Year Trading Commodities | TX0000350660 | 8 |
| Day Trade Futures Online by Larry Williams/ Day Trade Futures Online | TX5236386/ TX0005236386 | 8 |
| Definitive Guide to Futures Trading | TX0003120961 | 8 |

| Title of Work | Registration No. | Complaint ¶ |
|---|---|---|
| Definitive Guide to Futures Trading: Volume II | TX0003138435 | 8 |
| **Works Registered to Plaintiff But No Record of Upload to Scribd.com (continued)** | | |
| Oops! And Scoops! Trading Method | TX0002271277 | 8 |
| Presenting Larry R. Williams, "Jason" Commodity Trading Method | TX0002271276 | 8 |
| Winning Futures Trading Strategy | TX0003121166 | 8 |
| **Works Registered to Plaintiff, Uploaded to Scribd.com, and Promptly Removed After Proper Notice** | | |
| The Secret of Selecting Stocks for Immediate and Substantial Gains | TX1788404 | 8 |
| Larry Williams Forecast 2009 | TX6902069 | 8, 22, 23 |

These last two titles were allegedly uploaded to Scribd's website by defendants *other than Scribd*. *Id.* at ¶¶ 18, 27. The Plaintiff alleges that before these works were taken down by Scribd, the works were "each downloaded and/or viewed hundreds of times," *id.* at ¶ 17, but it is undisputed that each time Plaintiff gave proper notice, Scribd promptly removed access to the allegedly infringing works within one day. Specifically:

1. On or around March 13, 2009, Plaintiff through his counsel sent a notice to Scribd asking that Scribd remove a copyrighted work, "Forecast 2009, Casting Stones, The Fate of Our Future" (registered as "Larry Williams Forecast 2009"). Amato Decl. ¶ 4 and Exhibit C attached thereto. *Just over an hour later*, Scribd wrote back and asked for a clear identification of the allegedly infringing work. *Id.* Plaintiff then provided a direct link to the work, which Scribd removed from its website that very night. *Id.*; Consagra Decl. ¶ 7 and Exhibit G attached thereto.

2. On March 30, 2009, Plaintiff wrote Scribd and asked Scribd to remove a different work, "The Secret of Selecting Stocks for Immediate and Substantial Gains." Amato Decl. ¶ 4 and Exhibit C attached thereto. Scribd again removed this allegedly infringing work on the same day. Consagra Decl. ¶ 9 and Exhibit I attached thereto.

/ / /

-4-

3. On March 31, 2009, Plaintiff wrote Scribd and asked Scribd to remove the same work as the day before; this time, however, the uploading user had renamed the file and the file appeared on the Scribd website at a different location. Amato Decl. ¶ 4 and Exhibit C attached thereto. Again, Scribd removed this allegedly infringing work on the same day. Consagra Decl. ¶ 10 and Exhibit J attached thereto.

4. On April 1, 2009, Plaintiff wrote Scribd and asked Scribd to remove some of the same works as before; again, the files were uploaded by users to a different location on the Scribd website. Amato Decl. ¶ 4 and Exhibit C attached thereto. Scribd removed these files promptly on the same day. Consagra Decl. ¶ 11 and Exhibit K attached thereto.

In summary, it is undisputed that Scribd has continually removed infringing and allegedly infringing works in a prompt manner. Consagra Decl. ¶¶ 13-16 and Exhibits M-P attached thereto.[2]

As a result, Plaintiff's claims are meritless against Scribd. Plaintiff is well aware that Scribd complies with the requirements of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, and that Scribd has a strict policy against posting unauthorized works. *See* Consagra Decl. ¶¶ 2-16 and Exhibits D-P attached thereto.

As shown below, this Court can consider declarations and exhibits outside the Complaint on a Rule 12(b)(6) motion to dismiss. Even if this Court chooses not to consider some of the above facts, Plaintiff has failed to sufficiently plead all four claims as to Scribd, and cannot cure the Complaint's deficiencies through amendment.

## III.  APPLICABLE LAW

### A.  The Rule 12(b)(6) Standard.

Dismissal under Rule 12(b)(6) for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

---

[2]  Scribd also responded properly as to the two Wiley copyrights not at issue here. On March 25, 2009, John Wiley & Sons wrote Scribd and asked Scribd to remove alleged copies of two different works, "The Right Stock at the Right Time" and "Long-Term Secrets to Short-Term Trading" written by Larry Williams but copyrighted by John Wiley & Sons. Amato Decl. ¶ 4 and Exhibit C attached thereto. Once again, Scribd removed the allegedly infringing content the same day. Consagra Decl. ¶ 9 and Exhibit I attached thereto.

1   theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In deciding a

2   motion to dismiss, "all allegations of material fact are taken as true and construed in the light

3   most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38

4   (9th Cir. 1996).  But a complaint "requires more than labels and conclusions, and a formulaic

5   recitation of the elements of a cause of action will not do . . . on a motion to dismiss, courts 'are

6   not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp.*

7   *v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  And even "[f]actual allegations must

8   be enough to raise a right to relief above the speculative level." *Id.* (citation omitted).  Where

9   factual allegations are contradicted by the complaint's own exhibits or other documents of which

10  the court may take proper notice, they should also be disregarded.  *See Manzarek v. St. Paul Fire*

11  *& Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *In re Gilead Sciences Securities*

12  *Litigation*, 536 F.3d 1049, 1055 (9th Cir. 2008).

13      If the Court finds that Plaintiff failed to state claims upon which relief may be granted, it

14  must then decide whether to grant Plaintiff leave to amend.  The Ninth Circuit has "held that a

15  district court should grant leave to amend even if no request to amend the pleading was made,

16  *unless it determines that the pleading could not possibly be cured by the allegation of other*

17  *facts.*" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations omitted) (emphasis

18  added).  These additional facts, of course, would have to be truthful.

19      **B.      This Court Can Consider Evidence Not Attached to the Complaint.**

20      Courts may consider evidence not attached to the Complaint (1) if the complaint relies on

21  the documents or if the documents form the basis of the claim, and the documents' authenticity is

22  unquestioned, or (2) if the documents are a matter of public record or a matter of which the court

23  can take judicial notice, including previously filed documents in other cases.  *Swartz v. KPMG*

24  *LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.

25  2003); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Kuoha v. Equifirst*

26  *Corp.*, 2009 U.S. Dist. LEXIS 94699n1 (S.D.Cal. Oct. 7, 2009) (stating that "on a motion to

27  dismiss, a court may properly look beyond the complaint to matters of public record and doing

28  so does not convert a Rule 12(b)(6) motion to one for summary judgment"); *Britz Fertilizers,*

-6-

1   *Inc. v. Bayer Corp.*, 2009 U.S. Dist. LEXIS 96693 at *88-89 (E.D.Cal. Oct. 16, 2009); *AMCAL*

2   *Gen. Contrs., Inc. v. Co.*, 2009 U.S. Dist. LEXIS 97111 at *7-8 (C.D.Cal. Oct. 20, 2009). An

3   important policy behind admitting documents is to "prevent plaintiffs from surviving a Rule

4   12(b)(6) motion by deliberately omitting…documents upon which their claims are based."

5   *Swartz, supra*, 476 F.3d at 763 (citation omitted).

6           **1.      This Court Can Consider the Copyright Registrations.**

7           Copyright registrations on file with the United States Copyright Office are properly

8   admitted because they are public records. Accordingly, the copyright registrations for "Long-

9   Term Secrets to Short-Term Trading" and "The Right Stock at the Right Time," registered to

10  John Wiley & Sons, are properly admitted before this Court on this motion to show that Plaintiff

11  does not own valid copyrights to these two works and cannot bring copyright infringement

12  claims regarding them. Amato Decl. ¶¶ 2-3 and Exhibits A-B attached thereto.

13          **2.      This Court Can Consider Plaintiff's Counsel's Declaration and Its**
                      **Attachments.**
14

15          In representing Plaintiff and a third party, Tom DeMark, Plaintiff's counsel Kurt Hallock

16  submitted a declaration for a miscellaneous case, Case No. 09-MC-0289 filed April 7, 2009 in

17  this judicial district, to subpoena Scribd for information regarding the upload infringer

18  defendants. The declaration established that Plaintiff sent a number of correspondences to

19  Scribd; Plaintiff's counsel declared that Exhibit 1 contained "true and correct copies of the take

20  down requests sent to Scribd, Inc." relating, in part, to Plaintiff's works. Amato Decl. ¶ 4 and

21  Exhibit C attached thereto. This declaration and its attached documents are admissible on a

22  motion to dismiss both because (1) the documents form the basis of the claims, and their

23  authenticity is unquestioned, and (2) having been filed, they are a matter of public record. As to

24  (1), these documents, which are some of Plaintiff's correspondences requesting the removal of

25  allegedly infringing documents, formed the basis of the copyright infringement claim, because

26  Plaintiff relied on them to allege knowledge of infringement and to attempt to prove that Scribd

27  is not entitled to the "safe harbor" protection of 17 U.S.C. § 512, *i.e.*, Title II of the Digital

28  Millennium Copyright Act ("DMCA"), also known as the Online Copyright Infringement

-7-

1    Liability Limitation Act ("OCILLA").[3]  Complaint ¶¶ 16, 17.  Nor can Plaintiff question the

2    authenticity of the documents, as his attorney has declared under penalty of perjury that they are

3    authentic.  As to (2), these documents are public records filed in Case No. 09-MC-0289 of this

4    judicial district.  For either or both reasons, this Court can properly examine the declaration and

5    its attachments under this 12(b)(6) motion.

6              **3.       This Court Can Consider Scribd's *Responses* to the Correspondences**
                          **Attached to the Declaration.**
7

8              Scribd's responses to Plaintiff's correspondences also form the basis of the copyright

9    infringement claim, because Plaintiff relied on *omitting* them to allege knowledge of

10   infringement and to attempt to prove that Scribd is not entitled to a safe harbor defense.

11   Complaint ¶¶ 16, 17.  The authenticity of the responses cannot be disputed, as Plaintiff not only

12   received them, the date, time, and subject matter can be easily cross-referenced with Plaintiff's

13   correspondences attached to the Declaration.

14             Additionally, it would be unfair if Plaintiff could "[survive] a Rule 12(b)(6) motion by

15   deliberately omitting…documents upon which their claims are based."  *See Swartz*, *supra*, 476

16   F.3d at 763 (citation omitted).  The correspondences requesting removal of allegedly infringing

17   documents are not complete unless reviewed in their entirety with Scribd's responses.  Plaintiff

18   cannot truthfully claim he was ignorant of these responses; therefore, notice to Plaintiff is not in

19   issue.  *See Parrino v. FHP, Inc.*, 146 F.3d 699n4 (9th Cir. 1998) (where plaintiff had notice of

20   the contents of the documents, the need for a chance to refute evidence is greatly diminished),

21   *superseded by statute on other grounds as stated, Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th

22   Cir. 2006).

23             These responses to Plaintiff's correspondences requesting removal of allegedly infringing

24   documents indicate that Scribd removed those documents within one day.  Amato Decl. ¶ 4 and

25   Exhibit C attached thereto; Consagra Decl. ¶¶ 7-11, 13-16, and Exhibits H-K, M-P attached

26

27   [3] OCILLA creates a safe harbor for online service providers against copyright liability if they adhere to and qualify
     for certain prescribed safe harbor guidelines and promptly block access to allegedly infringing material or remove
28   such material from their systems once they receive a notification claiming infringement from a copyright holder.  17
     U.S.C. § 512.

-8-

thereto.  These documents demonstrate Scribd's good faith and lack of intent to commit copyright infringement.  Plaintiff cannot omit these documents to survive a motion to dismiss, and the Court may properly examine them in the context of a Rule 12(b)(6) motion.  *See Swartz, supra,* 476 F.3d at 763.

>    **4.      This Court Can Consider Plaintiff's Other Correspondences and Scribd's Responses to Those Correspondences.**

Plaintiff alleges that "[e]ven after numerous notifications of infringing works, Scribd continued to display Plaintiff's work or works through August 25, 2009." Complaint ¶ 16.  This improperly suggests that Scribd did not take down any of the allegedly infringing works until August 2009, through the deliberate omission of "documents upon which [Plaintiff's] claims are based." *Swartz, supra*, 476 F.3d at 763.  Nor, again, can Plaintiff reasonably contest the authenticity of the following:

- Plaintiff's correspondence to Scribd of May 12, 2009 and Scribd's response of May 12, 2009.  Consagra Decl. ¶ 13 and Exhibit M attached thereto.
- Plaintiff's correspondence to Scribdof May 15, 2009 and Scribd's response of May 15, 2009.  Consagra Decl. ¶ 14 and Exhibit N attached thereto.
- Plaintiff's correspondence to Scribdof August 17, 2009 and Scribd's response of August 17, 2009.  Consagra Decl. ¶ 15 and Exhibit O attached thereto.
- Plaintiff's correspondence to Scribdof August 26, 2009 and Scribd's response of August 26, 2009.  Consagra Decl. ¶ 16 and Exhibit P attached thereto.

Therefore, this Court can properly examine these documents under a 12(b)(6) motion.

>    **5.      This Court Can Consider Other Documents Evidencing Scribd's Qualifications for the DMCA's "Safe Harbor."**

Plaintiff bases his copyright infringement claim specifically on conclusory comments that Scribd does not qualify for the "safe harbor" exemption from liability under 17 U.S.C. § 512:

- "Scribd is not an Internet Service Provider as intended by 17 U.S.C. § 512." Complaint ¶ 10.

/ / /

-9-

1     •   "The notices sent to Scribd were in compliance with 17 U.S.C. 512(c)(3); even

2       though, Scribd is not an ISP entitled to the defense under this Section." *Id.* ¶ 16.

3     •   "Plaintiff included the detailed information required by 17 U.S.C. § 512(h) in the

4       Subpoena dated May 12, 2009 issued in Miscellaneous Case No. 09 MC 0289."[4]

5       *Id.* ¶ 19.

6       Again, these allegations constitute an attempt by Plaintiff to omit relevant documents

7 regarding the safe harbor under 17 U.S.C. § 512. *See Swartz, supra,* 476 F.3d at 763.

8 specifically the following documents which relate to Scribd's compliance with 17 U.S.C. § 512,

9 and the authenticity of which Plaintiff cannot reasonably contest:

10     •   Printout from http://support.scribd.com/forums/33939/entries/25459 (Scribd's

11       Terms of Use, specifically 11.1), which shows Scribd has adopted and reasonably

12       implemented a termination policy, pursuant to 17 U.S.C. § 512(i)(1)(A), for

13       accounts of users identified as "repeat infringers." Consagra Decl. ¶ 3 and

14       Exhibit D attached thereto.

15     •   Printout from http://www.scribd.com/copyright (Copyright Management System),

16       which also illustrates that Scribd does not interfere with "standard technical

17       measures" that copyright owners use to protect their works, but instead works

18       with copyright owners to prevent infringement where possible. Consagra Decl.

19       ¶ 5 and Exhibit E attached thereto.

20     •   Printout from http://www.scribd.com/about (About Scribd), which shows Scribd

21       has many legitimate uses. Consagra Decl. ¶ 6 and Exhibit F attached thereto.

22     •   Subpoena and accompanying letter dated April 7, 2009 stating, "A copy [of the

23       subpoena for upload infringers] was sent for service on your designated agent for

24       service of process." Consagra Decl. ¶ 12 and Exhibit L attached thereto.

25 This Court can properly examine these documents under a 12(b)(6) motion.

26

27

28

[4] Here, Plaintiff offered the confusing argument that even though Scribd is not a service provider entitled to the "safe harbor" defense, Plaintiff complied with the notice requirements of 17 U.S.C. § 512(h) when he notified Scribd of the infringing works through his subpoena.

-10-

## IV.   ARGUMENT

**A.   Plaintiff Fails To Sufficiently Plead the First Claim for Copyright Infringement.**

Plaintiff does not clearly allege in his Complaint whether he is suing Scribd for direct, contributory, and/or vicarious copyright infringement.  Regardless, as set forth below, Plaintiff fails to sufficiently plead copyright infringement as to Scribd under any theory, and cannot do so, so that amendment would be futile.

**1.   Plaintiff Fails To Sufficiently Plead Direct Copyright Infringement.**

A claim of direct copyright infringement requires that a plaintiff allege ownership of a valid copyright and unauthorized copying of the plaintiff's work.  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001), *aff'd after remand*, 284 F.3d 1091 (9th Cir. 2002).  In addition, some courts—including district courts in this Circuit—have noted that the Copyright Act is not meant to be a strict liability statute; therefore, a plaintiff must allege volitional conduct on the part of the defendant.  *CoStar Group, Inc. v. LoopNet, Inc.*, 373 F.3d 544, 551 (4th Cir. 2004); *Religious Tech. Cir. v. Netcom On-Line Commc'n Servs., Inc.*, 907 F.Supp. 1361, 1370 (N.D.Cal. 1995); *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F.Supp.2d 1146, 1168 (C.D.Cal. 2002).  A party cannot be liable for direct infringement if it has not in fact acted to bring about the infringement.

In this case, first, Plaintiff has failed to establish copyright ownership of some of the alleged works.  Two of the accused works were not registered to Plaintiff but rather to John Wiley & Sons.  Amato Decl. ¶¶ 2-3 and Exhibits A-B attached thereto.  Plaintiff also failed to provide the copyright registration numbers for six other works, and a search of the Copyright Office website did not reveal registrations for these titles as shown on the Complaint.  Complaint ¶¶ 22-23; Amato Decl. ¶ 5.  Therefore, Plaintiff has only ten purportedly valid copyright registrations at issue in this matter, and the evidence shows that only two were uploaded on the Scribd website (and promptly taken down after receipt of notice).  *See* Amato Decl. ¶¶ 2-4 and Exhibits A-C attached thereto; Consagra Decl. ¶¶ 7-16 and Exhibits G-P attached thereto.

1    Second—and more important, because it goes to *all* the accused works—Plaintiff does

2  not, and cannot, sufficiently plead volitional conduct by Scribd to bring about the infringement.

3  Instead, the Complaint clearly alleges that *other defendants* uploaded the allegedly infringing

4  works onto the Scribd.com website, not Scribd. *See, e.g.,* Complaint ¶ 16 ("Scribd, whose web-

5  site *hosted* in the infringing activity," emphasis added); ¶ 18 ("Defendant Galaxiamia uploaded

6  many of Plaintiff's copyrighted works to Scribd"); ¶¶ 22, 23 (listing Defendant Galaxiamia as

7  the defendant who uploaded the work, followed by a paragraph stating that Scribd, "*by and*

8  *through the website* Scribd.com, distributed" the exact same works; emphasis added).

9    As a matter of law, "storage on a defendant's system of infringing copies and

10  retransmission to other servers is not a direct infringement…of the exclusive right to reproduce

11  the work where such copies are uploaded by an infringing user." *Religious Tech. Ctr., supra,*

12  907 F.Supp. at 1371. Therefore, Plaintiff has not sufficiently pled facts that would constitute

13  direct infringement by Scribd; and cannot do so, based on its own allegations.

14              **2.    Plaintiff Fails To Sufficiently Plead Contributory Copyright**
                        **Infringement.**
15

16    Plaintiff asserts an equally unavailing claim of contributory copyright infringement.

17  Contributory copyright infringement requires knowledge or reason to know of the direct

18  infringement <u>and</u> material assistance in achieving it. *Metro-Goldwyn-Mayer Studios, Inc. v.*

19  *Grokster, Ltd.*, 545 U.S. 913, 930 (2005); *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir.

20  2004). Where the accused device or service is capable of substantial non-infringing uses, then

21  the constructive knowledge standard (*i.e.,* reason to know) does not apply, and a plaintiff must

22  instead show the defendant's actual knowledge of and material assistance with respect to specific

23  acts of direct infringement. *A&M Records, supra*, 239 F.3d at 1020-21.

24    Here, Plaintiff's Complaint formulaically recites the elements of contributory

25  infringement without alleging facts to substantiate the claim as more than just merely

26  speculative:

27  / / /

28  / / /

-12-

- "Defendants knew or should have known the infringed works belonged to Plaintiff and that they did not have permission to exploit Plaintiff's works." Complaint ¶ 24.

- "Defendants knew the infringed works belonged to Plaintiff and that they did not have permission to exploit Plaintiff's works."  Complaint ¶ 25.

- "Defendants…materially contributed to the infringing acts of others by encouraging, inducing, allowing and assisting others to reproduce and distribute Plaintiff's works on the Scribd.com website."  Complaint ¶ 28.

This formulaic recitation is insufficient to survive a motion to dismiss. *See Brave New Films 501(C)(4) v. Weiner*, 626 F.Supp.2d 1013, 1016 (N.D.Cal. 2009).

In fact, Plaintiff has affirmatively alleged that, far from "materially assisting" the infringers, Scribd instead assisted *Plaintiff*—and removed the accused material after receiving proper notice from Plaintiff.  Complaint ¶ 17.

Further, the *scribd.com* website offers substantial non-infringing uses, including encouraging self-publication, facilitation of academic peer review, publication of works in the public domain, and preview of works available for sale.  Consagra Decl. ¶¶ 2, 6, and Exhibit F attached thereto.  Therefore, Plaintiff has to prove more than Scribd's "reason to know" of the uploaders' alleged direct infringement; he would have to prove <u>actual</u> knowledge.  *A&M Records, supra*, 239 F.3d at 1020-21.  In this case, Plaintiff has not even alleged it.

Thus, Plaintiff has not sufficiently pled facts that would constitute contributory infringement as to Scribd.

### 3.    Plaintiff Fails to Sufficiently Plead Vicarious Copyright Infringement.

To state a claim for vicarious copyright infringement, courts formerly required a plaintiff to allege:  (1) direct copyright infringement by an individual or entity other than defendant; (2) a direct financial benefit to the defendant; and (3) the defendant's right and ability to supervise and control the alleged infringing activity.  *A&M Records, Inc., supra*, 239 F.3d at 1019.  The U.S. Supreme Court has now added to the third element: vicarious infringement is "profiting from direct infringement while *declining to exercise a right to stop or limit it*."  *Grokster, supra*, 545

-13-

1  U.S. at 930 (emphasis added).  Now a defendant must not only have the right and ability to

2  supervise and control the infringing activity, <u>it must decline to stop or limit this activity</u>.

3       Again, in the Complaint here, Plaintiff formulaically recites the elements of vicarious

4  infringement, but without offering facts that would substantiate the claim as more than merely

5  speculative (and without taking into account the Supreme Court's modification in *Grokster*):

6       • "Defendant Scribd had the ability to control the infringing activities of the

7         individuals or entities who directly infringed Plaintiff's works."  Complaint ¶ 29.

8       • "Defendant Scribd…obtained a direct financial benefit from the infringing

9         activities of the individuals or entities who directly infringed Plaintiff's works."

10         Complaint ¶ 30.

11  This formulaic recitation is insufficient to survive a motion to dismiss.  *See Brave New Films*

12  *501(C)(4)*, *supra*, 626 F.Supp.2d at 1016.  As shown below, Plaintiff offers no facts to support

13  his claim that Scribd received a direct financial benefit, or that Scribd had the right and ability to

14  supervise the infringing activity <u>and</u> refused to exercise that right and ability.

15                  *a.*    ***Plaintiff Offers No Facts to Support His Claim that Scribd***

16                      ***Received a Direct Financial Benefit.***

17       "The essential aspect of the 'direct financial benefit' inquiry is whether there is a causal

18  relationship between the infringing activity and any financial benefit a defendant reaps, regard-

19  less of how substantial the benefit is in proportion to a defendant's overall profits."  *Ellison*,

20  *supra*, 357 F.3d at 1079.  In *Ellison*, the Ninth Circuit ruled that even if AOL received profits

21  from subscribers, there was no evidence that the infringing activity encouraged subscriptions or

22  that users unsubscribed from AOL once the infringing material was removed.  *Id.*  Therefore,

23  since the infringing activity did not constitute a "draw" for AOL's customers, the company did

24  not receive a "direct financial benefit."  *Id.*

25       Here, aside from Plaintiff's formulaic assertion that Scribd received a direct financial

26  benefit, Plaintiff alleges only that "Scribd is supported in large part by commercial entities'

27  purchase of advertising space on the site;" otherwise, Scribd hosts its site "free of charge."

28  Complaint ¶ 10.  Plaintiff alleges also that Scribd attracts 60 million readers, but that Plaintiff's

-14-

1    alleged works were only viewed or downloaded a few hundred times.[5] *Id.* at ¶¶ 10, 17.  This *de*

2    *minimis* proportion could not, as a matter of law, reflect a "draw" for Scribd's customers or

3    advertisers.  Plaintiff also alleges no causal relationship between third party users posting

4    Plaintiff's works, and any financial benefit Scribd reaped by selling advertisements.

5            Therefore, Plaintiff's vicarious copyright infringement claim against Scribd must also

6    fail.

7                    ***b.      Plaintiff Offers No Facts to Support His Claim that Scribd, If It***
8                               ***Had the Right and Ability to Supervise and Control the Allegedly***
                               ***Infringing Activity, Refused to Do So.***

9            The crux of a defendant's "right and ability to supervise and control" requires that

10   defendant had "pervasive participation" in the allegedly infringing activities.  *Adobe Sys. v.*

11   *Canus Prods.*, 173 F.Supp.2d 1044, 1055 (C.D.Cal. 2001) (interpreting *Fonovisa, Inc. v. Cherry*

12   *Auction, Inc.*, 76 F.3d 259, 263 (9th Cir. 1996)).  Here, however, Plaintiff's allegations

13   themselves show that Scribd was not "pervasively participating" in the alleged infringing

14   activities.  The Complaint alleges that *other defendants* uploaded the allegedly infringing works

15   onto the *scribd.com* website, not Scribd.  Complaint ¶ 16 ("Scribd, whose website *hosted* in the

16   infringing activity," emphasis added), ¶ 18 ("Defendant Galaxiamia uploaded many of Plaintiff's

17   copyrighted works to Scribd"), ¶¶ 22, 23 (listing Defendant Galaxiamia as the defendant who

18   uploaded the work, followed by a paragraph stating that Scribd, "*by and through the website*

19   Scribd.com, distributed" the exact same works; emphasis added).

20           Further, Plaintiff fails to allege that even if Scribd had the right and ability to supervise

21   and control, it refused to exercise that right. On the contrary, Plaintiff alleges that Scribd actually

22   <u>did</u> take down the allegedly infringing works after receiving proper notice of them. Complaint

23   ¶ 17.

24           Therefore, Plaintiff's vicarious copyright infringement claim against Scribd must also

25   fail.

26   / / /

27

28   ---
     [5] As discussed *supra*, evidence only exists for the upload of two of Plaintiff's works.  Therefore, even if each work
     was viewed or uploaded a few hundred times, that would not exceed two thousand hits.

4.     **The DMCA Supports Dismissal of the Copyright Infringement Claim.**

Even if Plaintiff did state a claim for copyright infringement, Title II of the DMCA, also known as the Online Copyright Infringement Liability Limitation Act ("OCILLA"), provides a "safe harbor" to "provide greater certainty to service providers concerning their legal exposure for infringements that may occur in the course of their activities." *Ellison, supra*, 357 F.3d at 1076 (citations omitted).  A service provider who complies with the DMCA <u>cannot</u> be liable for copyright infringement.  17 U.S.C. § 512.

As a preliminary matter, a service provider must satisfy the requirements of 17 U.S.C. § 512(i)(1):  First, the service provider must have "adopted and reasonably implemented, and informs subscribers and account holders of the service provider's system or network of, a policy that provides for the termination in appropriate circumstances of subscribers and account holders of the service provider's system or network who are repeat infringers." Second, the service provider must "accommodate[] and [] not interfere with standard technical measures." *See also, Ellison, supra*, 357 F.3d at 1080.

Then, if the service provider is one that handles "information residing on systems or networks at direction of users" pursuant to Section 512(c), then it must also show the following in order to qualify for the "safe harbor":

- "its infringement is 'by reason of the storage at the direction of a user of material that resides on a system or network controlled or operated by or for the service provider,' 17 U.S.C. § 512(c)(1)";

- "it lacked actual knowledge of the infringing material or was not aware of facts or circumstances from which infringing activity was apparent on its system or network and/or acted expeditiously to remove or disable access to the material upon obtaining such knowledge or awareness, 17 U.S.C. § 512(c)(1)(A)(i)-(iii)";

- " it did 'not receive a financial benefit directly attributable to the infringing activity,' if it had 'the right and ability to control such activity,' 17 U.S.C. § 512(c)(1)(B)";

1       • "it responded expeditiously to remove or disable access to infringing material

2         upon notification from the copyright owner, 17 U.S.C. § 512(c)(1)(C)"; and

3       • "it has properly designated an agent to receive such notification, 17 U.S.C. §

4         512(c)(2)."

5   *Tur v. YouTube, Inc.*, 2007 U.S. Dist. LEXIS 50254 at *7-8 (C.D.Cal. June 20, 2007).

6        **Whether a defendant qualifies for the safe harbor is properly resolved on a motion**

7   **to dismiss**. *See, e.g., Brave New Films 501(C)(4), supra*, 626 F.Supp.2d at 1018 (considering

8   defendant's safe harbor claim on a 12(b)(6) motion, but denying it because defendant talk-show

9   host was not a "service provider"); *Goddard v. Google, Inc.*, 2009 U.S. Dist. LEXIS 67203n5

10  (N.D.Cal. July 30, 2009) (finding that affirmative defenses can be grounds for a Rule 12(b)(6)

11  dismissal if the defense is apparent from the complaint); *Parker v. Google, Inc.*, 422 F.Supp.2d

12  492, 497n3 (E.D.Pa. 2006) (implying that the court would have otherwise reached the safe

13  harbor issue if the court found that plaintiff sufficiently pled direct copyright infringement);

14  *Newborn v. Yahoo!, Inc.*, 391 F.Supp.2d 181, 189 (D.D.C. 2005) (implying that the court would

15  have otherwise reached the safe harbor issue if the court found that plaintiff sufficiently pled

16  copyright infringement).

17       In this case, as shown below, Scribd clearly sustains any burden to qualify for the "safe

18  harbor," and Plaintiff cannot reasonably or truthfully allege otherwise.

19          *a.*    ***Scribd Is a "Service Provider."***

20       A "service provider" is, among other things, a "provider of online services."  17 U.S.C.

21  § 512(k)(1)(B).  Plaintiff alleges that "Scribd is not an Internet Service Provider as intended by

22  17 U.S.C. 512....[because] Scribd does not provide internet access and could and would not

23  replace an individual's internet service provider to provide any consumer access to the internet."

24  Complaint ¶ 10.  However, Plaintiff—probably deliberately—reads "service provider" far too

25  narrowly; courts have interpreted this definition to be very broad, and to include search engines

26  and hosting services. *See, e.g., Tur, supra*, 2007 U.S. Dist. LEXIS 50254 at *7-8 (automatically

27  qualifying *YouTube.com*, a website that hosts videos uploaded by users, as a "service provider");

28  *Io Group, Inc. v. Veoh Networks Inc.*, 586 F.Supp.2d 1132, 1155 (N.D.Cal. 2008) (no dispute

-17-

1   that *veoh.com*, a website that hosts videos uploaded by users, was a "service provider"); *UMG*

2   *Recordings, Inc. v. Veoh Networks Inc.*, 2009 U.S. Dist. LEXIS 86932 at *12-13 (C.D.Cal. Sept.

3   11, 2009) (same); *Hendrickson v. Ebay, Inc.*, 165 F.Supp.2d 1082, 1088 (C.D.Cal. 2001) (finding

4   *eBay.com* undoubtedly a "service provider"); *Corbis Corp. v. Amazon.com, Inc.*, 351 F.Supp.2d

5   1090, 1100 (W.D.Wash. 2004) (*amazon.com* a "service provider").

6       Here, like all of these online sites, Scribd is also a "service provider."  Plaintiff freely

7   alleges that, just like YouTube,or Veoh, Scribd hosts on its website documents uploaded by

8   users, which, by any definition, qualifies as "providing online services."  Complaint ¶¶ 10, 22,

9   23, 48; 17 U.S.C. § 512(k)(1)(B).

10           ***b.***      ***Scribd Adopted and Reasonably Implemented a Termination***
                         ***Policy for Repeat Infringers.***
11

12       Scribd has "adopted and reasonably implemented, and informs subscribers and account

13   holders of the service provider's system or network of," a termination policy, pursuant to 17

14   U.S.C. § 512(i)(1)(A), for subscribers and account holders who are repeat infringers.  Consagra

15   Decl. ¶ 3 and Exhibit D attached thereto.  Section 512(i)(1)(A) allows for "a variety of

16   procedures...[and] an implementation is reasonable if, under 'appropriate circumstances,' the

17   service provider terminates users who repeatedly or blatantly infringe copyright."  *Perfect 10,*

18   *Inc. v. CCBill LLC*, 488 F.3d 1102, 1009 (9th Cir. 2007).  As discussed above, this Court may

19   properly consider the print-out from http://support.scribd.com/forums/33939/entries/25459

20   (Scribd's Terms of Use, specifically at 11.1), which illustrates that Scribd has adopted and

21   reasonably implemented such a policy.

22           ***c.***      ***Scribd Accommodates and Does Not Interfere with Standard***
                         ***Technical Measures.***
23

24       Pursuant to 17 U.S.C. § 512(i)(2), "standard technical measures" refers to "technical

25   measures that copyright owners use to identify or to protect copyrighted works and (1) have been

26   developed pursuant to a broad consensus of copyright owners and service providers in an open,

27   fair, voluntary, multi-industry standards process; (2) are available to any person on reason-able

28   and nondiscriminatory terms; and (3) do not impose substantial costs on service providers or

-18-

1   substantial burdens on their systems or networks." But, as Congress indicated at the time, and to

2   date, no such "standard technical measures" have been implemented. *See Perfect 10, Inc., supra,*

3   213 F.Supp.2d at 1174 (citing H.R. Rep. 105-551(II), at 61; S.Rep. at 52). Thus, as a matter of

4   law, Scribd could not have engaged in the interference of "standard technical measures," since

5   there aren't any.

6        Examining the underlying facts also shows that Scribd makes every effort to *assist*

7   copyright owners. As discussed above, this Court may properly consider the responses to the

8   takedown notice, and the printout from http://support.scribd.com/forums/33563/entries/22980

9   (Take-Down Notice Template). These documents, separately and together, illustrate that Scribd,

10  far from interfering with copyright owners' rights, will remove and have removed infringing and

11  allegedly infringing material upon proper notice. Consagra Decl. ¶¶ 4-5 and Exhibit E attached

12  thereto.

13                    ***d.***     ***Scribd Only Stores Information Controlled By Users.***

14       As described in the Complaint at ¶ 10, Scribd's alleged infringement is "by reason of the

15  storage at the direction of a user of material that resides on a system or network controlled or

16  operated by or for the service provider." 17 U.S.C. § 512(c)(1). That is, Scribd displays works

17  uploaded by subscribers on its website and does not post infringing material itself, and the

18  requirement of Section 512(c)(1) is met.

19                    ***e.***     ***Scribd Lacked Actual Knowledge of the Allegedly Infringing***
                                   ***Material, and Upon Obtaining Actual Knowledge, Acted***
20                                 ***Expeditiously to Remove the Material.***

21       Even where a defendant knows that widespread infringement occurred on its system,

22  general awareness of such infringement, without more, is not enough to preclude the application

23  of the safe harbor. *See UMG Recordings, supra,* 2009 U.S.Dist. LEXIS 86932 at *31-34. The

24  burden is on the copyright holder to properly notify the provider of infringement. *Id.* at *22-25;

25  *see also Perfect 10, supra,* 488 F.3d at 1112-13 ("[p]ermitting a copyright holder to cobble

26  together adequate notice from separately defective notices also unduly burdens service

27  providers"). Here, once Plaintiff properly notified Scribd, Scribd removed the allegedly

28  infringing material. Complaint ¶ 17. The question, then, is whether it was done expeditiously.

-19-

1    But Plaintiff does <u>not</u> allege that Scribd did not remove the infringing material expeditiously;

2    instead, Plaintiff alleges that Scribd removed the material "only after numerous notices were

3    sent." *Id.* Plaintiff's allegation is at best misleading. The fact is that Scribd (1) expeditiously

4    responded to even insufficient notices to inform Plaintiff or his agent of the additional

5    information required and (2) upon receipt of a proper notice, expeditiously removed the content

6    at issue. In considering Plaintiff's purported take-down notices and Scribd's responses to them

7    (which this Court may properly do, see discussion *supra*), Scribd removed the allegedly

8    infringing material within 24 hours of receipt of proper take-down notices. Consagra Decl. ¶¶ 8-

9    11, 13-16, and Exhibits H-K, M-P attached thereto. This is "expeditious" under any definition.

10
11
   **f.    *Scribd Does Not Have the Right and Ability to Control
           Infringing Activities.***

12         Separate from the analysis associated with vicarious infringement, the "right and ability

13   to control" under the "safe harbor" of the DMCA has been held to mean "something more" than

14   the ability of a service provider to remove or block access to materials posted on its website or

15   stored in its system. *Hendrickson, supra*, 165 F.Supp.2d at 1093. Here, however, Plaintiff has

16   not pled any facts that Scribd has the ability to do "something more" than that. Further, courts

17   have found that services akin to Scribd, such as Veoh and YouTube, do *not* have the "right and

18   ability to control" for purposes of the "safe harbor" analysis. *See Io Group, Inc., supra*, 586

19   F.Supp.2d at 1155; *UMG Recordings, Inc., supra*, 2009 U.S. Dist. LEXIS 86932 at *12-13; *Tur,

20   supra*, 2007 U.S. Dist. LEXIS 50254 at *7-8. As Plaintiff failed to plead sufficient facts as to

21   this element, and as courts have held that similar service providers do not have the right and

22   ability to control infringing activities, Scribd cannot be found to have the right and ability to

23   control the allegedly infringing activities.

24
25
   **g.    *Scribd Responded Expeditiously to Remove the Allegedly
           Infringing Material Upon Notification.***

26         As discussed above, Scribd expeditiously removed the allegedly infringing material after

27   receiving proper notice from Plaintiff.

28

-20-

**h.** **Scribd Has Properly Designated an Agent to Receive Notification of Infringement.**

As discussed above, this Court may properly consider the letter from Plaintiff's counsel dated April 7, 2009, which stated that "[a] copy [of the subpoena for upload infringers] was sent for service on your designated agent for service of process." Consagra Decl. ¶ 12 and Exhibit L attached thereto. Plaintiff has thus already admitted that Scribd has properly designated an agent to receive notification of infringement.

For the foregoing reasons, Plaintiff not only failed to sufficient plead facts constituting copyright infringement as to Scribd, Scribd is also protected from such a claim under the safe harbor as defined by 17 U.S.C. § 512.

**B.** **The Second Claim for Conspiracy to Commit Copyright Infringement is Duplicative or Preempted by the Copyright Act.**

It is unclear whether Plaintiff pled its second claim for conspiracy to commit copyright infringement as a federal or state claim. *See* Complaint ¶ 2. To the extent that it is intended as a federal claim, a conspiracy to commit copyright infringement is not sufficiently different from a contributory copyright infringement claim to qualify as a separate claim. *See, e.g., Tegg Corp. v. Beckstrom Elec. Co.*, 2008 U.S. Dist. LEXIS 96467 at *36 (W.D.Pa. Nov. 26, 2008).

If this claim is intended as a state claim, it is preempted: "A state law cause of action is preempted by the Copyright Act if two elements are present. First, the rights that a plaintiff asserts under state law must be 'rights that are equivalent' to those protected by the Copyright Act...Second, the work involved must fall within the 'subject matter' of the Copyright Act as set forth in 17 U.S.C. [Sections] 102 and 103." *Kodadek v. MTV Networks*, 152 F.3d 1209, 1212 (9th Cir. 1998). Accordingly, courts have held that a state civil conspiracy to commit copyright infringement claim is preempted by federal law, because such a claim would protect rights that are equivalent to those protected by the Copyright Act. *Garcia v. Coleman*, 2008 U.S. Dist. LEXIS 68672 at n.8 (N.D.Cal. Sept. 8, 2008); *RDF Media Ltd. v. Fox Broad. Co.*, 372 F.Supp.2d 556, 566 (C.D.Cal. 2005).

1    Therefore, Plaintiff's second cause of action for conspiracy to commit copyright

2    infringement must be dismissed with prejudice.

3    **C.    The Third Claim For Misappropriation of Right of Publicity is Preempted**
     **By Section 230 of the Communications Decency Act.**

4

5    The Cox-Wyden Amendment to the Communications Decency Act ("CDA"), 47 U.S.C.

6    § 230(c), immunizes providers and users of interactive computer services from liability for

7    editorial decisions regarding the posting, screening, and deletion of third party content available

8    through such a service.  Specifically, a defendant is immune from liability under Section 230 for

9    the content of postings on its website if (1) it qualifies as a provider or user of an "interactive

10   computer service, and (2) plaintiff's claims would hold the defendant liable as a publisher or

11   distributor of information created or developed by "another information content provider."

12   *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1123 (9th Cir. 2003).  Where Section 230

13   applies, it expressly preempts state law, even state intellectual property law.  47 U.S.C. §§

14   230(e)(3); *Perfect 10*, *supra*, 488 F.3d at 1118-19.

15   Section 230 applies to any claim arising from third party content, including state

16   securities laws, cyberstalking statutes, trade libel, invasion of privacy, negligence, defamation,

17   and misappropriation of the right of privacy.  *Id.* at 1122, 1125 (finding immunity for invasion of

18   privacy, right of publicity, negligence, and the misappropriation of the right of publicity); *Batzel*

19   *v. Smith*, 333 F.3d 1018, 1039-40 (9th Cir. 2003) (finding immunity for defamation so long as

20   defendant did not "actively select defamatory or offensive material for distribution"); *Universal*

21   *Commc'n Sys., Inc. v. Lycos, Inc.*, 478 F.3d 413, 421-22 (1st Cir. 2007) (finding immunity for

22   state securities laws and cyberstalking statutes); *Optinrealbig.com v. Ironport Sys.*, 323

23   F.Supp.2d 1037, 1046 (N.D.Cal. 2004) (finding immunity for trade libel).

24   Claims falling within Section 230 immunity (and thereby preempted) are properly

25   resolved on a motion to dismiss.  *Goddard*, *supra*, 2009 U.S. Dist. LEXIS 67203 at n.5 (noting

26   the Ninth Circuit's retraction of its holding to the contrary in *Barnes v. Yahoo! Inc.*, 565 F.3d

27   560 (9th Cir. 2009), through amendment in *Barnes v. Yahoo! Inc.*, 2009 U.S.App.LEXIS 20053

28   (9th Cir. June 22, 2009), and again in *Barnes v. Yahoo! Inc.*, 570 F.3d 1096 (9th Cir. 2009),

-22-

1    published after *Goddard*; *Green v. America Online (AOL)*, 318 F.3d 465, 468 (3d Cir. 2003);

2    *Universal Commc'n Sys., Inc.*, *supra*, 478 F.3d at 418; *see generally Doe v. MySpace, Inc.*, 528

3    F.3d 413 (5th Cir. 2008).

4             **1.     Scribd is a Provider of "Interactive Computer Services."**

5             Plaintiff cannot dispute that Scribd qualifies as a provider of "interactive computer

6    services" as broadly defined by Section 230(f)(2).  The Ninth Circuit has defined the term

7    "interactive computer services" to be relatively expansive, as "'*any*' information services or

8    other systems, as long as the service or system allows 'multiple users' to access 'a computer

9    server.'" *Batzel*, *supra*, 333 F.3d at 1030-31 (9th Cir. 2003) (emphasis in original). As  described

10   in the Complaint at ¶ 10, Scribd provides "social publishing" ("information services") to over

11   "sixty (60) million readers every month" and allows subscribers to upload works ("multiple

12   users") by "host[ing] an internet site" (*i.e.,* which necessarily implies over "a computer server").

13   Based on Plaintiff's description alone, Scribd is clearly an "interactive computer service."

14            **2.     Plaintiff's Alleged Injury Was Caused by Information Provided by**
                      **Another Information Content Provider.**
15

16            Plaintiff also cannot dispute (nor amend) that his alleged injury was the result of

17   information provided by another information content provider.  Despite vague language in this

18   claim lumping all defendants together (Complaint ¶¶ 41–44), Plaintiff clearly alleges in other

19   parts of the Complaint that *other defendants*, not Scribd itself, uploaded the allegedly infringing

20   works onto the *scribd.com* website. Complaint ¶ 16 ("Scribd, whose website *hosted* in the

21   infringing activity;" emphasis added), ¶ 18 ("Defendant Galaxiamia uploaded many of Plaintiff's

22   copy-righted works to Scribd"), ¶¶ 22, 23 (listing Galaxiamia as the defendant who uploaded the

23   work, followed by a paragraph that Scribd, "*by and through the website* Scribd.com, distributed"

24   the exact same works; emphasis added).  Plaintiff does not allege that Scribd actively selected

25   the content for publication or altered the content of the works.  To the contrary, even if Plaintiff

26   remained unhappy with the upload infringers repeatedly uploading his works, Plaintiff alleged

27   that Scribd removed the infringing material after receiving proper notice.  Complaint ¶ 17.

28

1      As the Complaint on its face establishes Scribd's Section 230 immunity, Plaintiff's third

2  cause of action for misappropriation of the right of publicity against Scribd is preempted and

3  should be dismissed with prejudice.

4      **D.    The Fourth Claim for Unjust Enrichment is Preempted by the Copyright Act.**

5

6      Plaintiff's fourth claim for unjust enrichment claim is preempted by the Copyright Act.

7  As stated above, "[a] state law cause of action is preempted by the Copyright Act if two elements

8  are present.  First, the rights that a plaintiff asserts under state law must be 'rights that are

9  equivalent' to those protected by the Copyright Act...Second, the work involved must fall within

10  the 'subject matter' of the Copyright Act as set forth in 17 U.S.C. [Sections] 102 and 103."

11  *Kodadek, supra*, 152 F.3d at 1212.

12      First, there is no question that the works involved here fall within the subject matter of

13  the Copyright Act.  Plaintiff's claim is premised on allegations of copying of his written,

14  allegedly copyrighted works.  It could not be clearer that the works that were allegedly copied

15  fall squarely within within the "subject matter" of the Copyright Act.  17 U.S.C. § 102(a)(1).

16      Second, the rights Plaintiff is asserting under his alleged state law claim of unjust

17  enrichment are equivalent to the rights protected by the Copyright Act.  "In order not to be

18  equivalent, the right under state law must have an 'extra element' that 'changes the nature of the

19  action so that it is qualitatively different from a copyright infringement claim.'" *Xerox Corp. v.*

20  *Apple Computer, Inc.* 734 F.Supp. 1542, 1550 (N.D.Cal. 1990); *see also, Grosso v. Miramax*

21  *Film Corp.*, 2004 U.S.App. LEXIS 28043 at*4-5 (9th Cir. Mar. 15, 2005).Courts have indicated

22  that if the underlying unjust enrichment claim is simple copying and benefiting from copying,

23  the claim is equivalent and thus preempted by the Copyright Act.  *Shade v. Gorman*, 2009

24  U.S.Dist.LEXIS 8554 (N.D.Cal. Jan. 28, 2009); *Zito v. Steeplechase Films, Inc.*, 267 F.Supp.2d

25  1022, 1027 (N.D.Cal. 2003); *Firoozye v. Earthlink Network*, 153 F.Supp.2d 1115, 1128

26  (N.D.Cal. 2001).

27  / / /

28  / / /

-24-

1    Here, Plaintiff's claims are exactly this, that Scribd copied the works and is benefiting

2   from the copying by attracting new members and advertisers.  Complaint ¶¶ 48, 49.  Therefore,

3   Plaintiff's claim for unjust enrichment is preempted and should be dismissed with prejudice.

4    **E.    Plaintiff Cannot Cure the Complaint's Defects By Amendment.**

5    Plaintiff will not be able to cure the defects regarding his first cause of action for

6   copyright infringement as to Scribd.  The underlying facts, some of which are on the face of the

7   Complaint, and some of which can be properly considered before this Court, simply do not

8   support a finding of copyright infringement as to Scribd.

9    Plaintiff's second cause of action is either duplicative of its first cause of action, or

10  preempted by federal law.  Plaintiff's third cause of action is barred by federal law against

11  Scribd.  Plaintiff's fourth cause of action is, like its second cause of action, preempted by federal

12  law.  Plaintiff cannot cure the defects in those claims through amendment.

13    **V.    CONCLUSION**

14    For the reasons set forth above, this Court should dismiss with prejudice Plaintiff's

15  Complaint in its entirety.

16

17  Dated:  November 23, 2009                          Respectfully submitted,

18                                                      GORDON & REES LLP

19

20                                              by   _Richael P Sybert_

21                                                      Richard P. Sybert
                                                        Yuo-Fong C. Amato
22                                                      Attorneys for Defendant
                                                        SCRIBD, INC.

23

24

25

26

27

28

SCRIBD, INC.'S BRIEF IN SUPPORT OF 12(B)(6) MOTION TO DISMISS COMPLAINT
CASE NO. 09-CV-1836-LAB-WMC