Kurt W. Hallock, CSB #131893
*LAW OFFICE OF KURT W. HALLOCK*
110 West "C" Street, Suite 1905
San Diego, California  92101
kwhallock@hallocktriallaw.com
Telephone:  (619) 615-0726
Facsimile  :  (619) 615-0728

Attorney for Plaintiff Larry Williams

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| LARRY WILLIAMS<br><br>           Plaintiff,<br><br>           -v-<br><br>SCRIBD, INC, a corporation; GalaxiaMia sued As DOE 1; api_user_11797_malvik as Doe 2; alukmanto as Doe 3; api_user_11797_ NEBOJSAJE as Doe 4; mikaj as Doe 5; Srikanthbnm sued as Doe 6; api_user_11797_ Sathis sued as Doe 7; api_user_11797_ tevado... sued as Doe 8; api_user_11797_ ingrid...sued as Doe 9; and Does 10 to 40 are upload infringers to be named;<br>           Defendants. | CASE NO. 09-CV-1836-LAB-WMc<br><br>FIRST AMENDED COMPLAINT FOR<br>1) Copyright Infringement;<br>2) Contributory Copyright Infringement;<br>3) Vicarious Copyright Infringement; and<br>4)  Misappropriation of Right of Publicity;<br><br>AMOUNT IN CONTROVERSY EXCEEDS $50,000.00<br><br><br><br><br>JURY TRIAL DEMANDED |

### Nature of the Action

1. Plaintiff, Larry Williams, currently residing in San Diego, California, brings this action to recover damages arising from infringement of his copyrights in his creative and educational works by Defendants, Scribd, Inc. ("Scribd"), and GalaxiaMia sued as Doe 1 pending further identification and Does 2 to 40, whose full names have not yet been determined, and to enjoin Defendants from future infringement. Defendants reproduced Plaintiff's works in derivative form, distributed, re-published, and publicly displayed and offered the works through the website Scribd.com. Plaintiff's works' copyrights are either owned by Plaintiff

1

and/or he is entitled to enforce those rights pursuant to the publishing agreements with his publisher(s).  Plaintiff is the author of all works alleged herein.

## Jurisdiction And Venue

2. This Court has federal question subject matter jurisdiction over Plaintiff's first two claims relating to copyright infringement and pursuant to 17 U.S.C. § 502, 504 and 505, and 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has supplemental jurisdiction over Plaintiff's third claim arising under the laws of California pursuant to 28 U.S.C. § 1367(a), because this claim is so related to Plaintiff's claims under Federal Law that it forms part of the same case or controversy and derives from a common nucleus of operative fact.

4. Jurisdiction over the state law claim is appropriate under principles of pendent jurisdiction because the claim asserted herein arose in part, and the damages were suffered by Plaintiff, at least in part, in this judicial district.

5. The Court has personal jurisdiction over Defendants.  Defendant Scribd's principle place of business is in California. All Defendants solicit, transact, and are doing business within the State of California and have committed unlawful and tortuous acts in and outside the State of California causing injury in California. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendants.

6. Venue is proper under 28 U.S.C. §1391(b) and 1400(a) because the Plaintiff resides in this district and because two of the named Defendants conduct business in this district.

## The Parties and Facts Common to All Claims

7. Plaintiff is an individual residing in San Diego, California.

8.  Plaintiff is the author of many educational texts and conducts seminars known as "Larry Williams Inner Circle Workshops" relating to his market theories and strategies. He is the holder of copyrights, and/or has the right to enforce those rights,  in the works: *Long-Term Secrets to Short-Term Trading* (registration number TX4945747); *The Right Stock at the Right*

2

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT; CONTRIBUTORY AND VICARIOUS
INFRINGEMENT; MISAPPROPRIATION OF RIGHT OF PUBLICITY

*Time* (registration number TX5814735); *The Secret of Selecting Stocks For Immediate and Substantial Gains* (registration number TX1788404); *Larry Williams Forecast 2009* (registration number TX6902069); and Larry Williams Inner Circle Workshops (TX 6-919-354) which were infringed by Defendants. Plaintiff has also published many works which establish his right to publicity and name with regard to market theories, strategies and trading. These works are: Trade Stocks and Commodities With the Insiders: Secrets of the COT Report (registration number TX0006254327); How I Made One Million Dollars Last Year Trading Commodities (registration number TX0000350660); Day Trade Futures Online By Larry Williams (registration number TX5236386); Day Trade Futures Online (registration number TX0005236386); Definitive Guide to Futures Trading (registration number TX0003120961); Definitive Guide to Futures Trading: Volume II (registration number TX0003138435); Oops! And Scoops! Trading Method (registration number TX0002271277); Presenting Larry R. Williams, "Jason" Commodity Trading Method (registration number TX0002271276); Winning Future Trading Strategy (TX0003121166). Portions of these books were infringed and, in some instances, paraphrased and offered using Plaintiff Larry Williams' name and/or photograph. In addition, other market theory and strategy advice was offered using Mr. Williams' photograph and name when those theories and advice were not his.

9. John Wiley & Sons, Inc. published Plaintiff's works, *Day Trade Futures Online*, *Long-Term Secrets to Short-term Trading*; *The Right Stock at the Right Time*; *Trade Stocks and Commodities with the Insiders Secrets of the COT Report*. On March 30, 2009, John Wiley & Sons, Inc acknowledged the four (4) publishing agreements between Mr. Williams and Wiley and stated that "In Connection with the copyright infringement claim Mr. Larry Williams ("Mr. Williams") is filing with respect to the illegal and unauthorized uploading of electronic files of Mr. Williams' books on the website Scribd.com, John Wiley & Sons, Inc. ("Wiley") does hereby authorize Mr. Williams to pursue said copyright claim in his name . . ."

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT; CONTRIBUTORY AND VICARIOUS INFRINGEMENT; MISAPPROPRIATION OF RIGHT OF PUBLICITY

(See, Exhibit A.)  The copyright claim on these works is "by Larry Williams. All rights reserved." Neither Plaintiff nor Wiley have authorized Defendants to reproduce his works or to display, sell, and/or distribute them on Scribd.com or anywhere else.

10.  Defendant Scribd is a corporation organized and existing under the laws of the State of California with a principal place of business in San Francisco, California. Scribd is not an Internet Service Provider as was intended to have protection under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. 512; rather, it is a self proclaimed electronically based self-publishing company.  Scribd, and its business model, did not exist when the DMCA was adopted. Scribd aggressively asserts its compliance with the DMCA.  Scribd has the ability to control the content on its site. Scribd takes down items when notified, but, in order to get any pre-upload and pre-translation to iPaper format protection, Scribd requires authors and publishers to release Scribd from all "copyright or other proprietary right infringement, violation of moral right, and invasion of the rights to privacy, publicity, or personality or any similar matter, based upon or relating to the use and exploitation of Uploaded Content in conjunction with the Copyright Management System."  Scribd goes on to require acknowledgement and waiver of California Civil Code Section 1542. (Exhibit B, Copyright Management System Terms Of Use.)

11. Scribd's internet site and business model republishes the derivative works it creates in iPaper and offers free access to literary works through its extensive site. The Scribd website and its contents can be accessed in several ways including through a web browser directly, a programmatic interface, or by linking to a document on the Scribd website from a different website or server. There is no fee, no actual identification or address necessary to access Scribd's site. Similarly, to use Scribd's uploading, iPaper translation, and re-publishing system, no actual identification is required of an upload infringer.

12.  Scribd is the self-proclaimed largest "social publishing" company in the world with more than sixty (60) million readers every month. Scribd developed and allows subscribers

to utilize a technology called the "iPaper document reader".  (See, Exhibit C) This technology facilitates the uploading of works by transforming "print" or any other formatted files into a special data format known as iPaper.  Scribd provides the uploading device. Once a document is uploaded on Scribd, it is re-produced in derivative form, re-published and available in iPaper format to any browser using the iPaper viewer.  Scribd's unique iPaper format republishing, its content library, its lack of actual customer (uploader) identification and substantial and direct benefit from the volume of copyrighted content uploaded creates a system which eviscerates the U. S. Constitutional guarantees in Article 1, Section 8 that Congress will "promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries". Nor was it the intent of Congress to amended the U. S. Constitution when, in 1998, the DMCA was passed.

13.   On its website, Scribd discloses its "vision" "to liberate the written word – to turn **everyone** into a publisher and create the best possible reading experience on the web and mobile platforms." (Emphasis added.) (Exhibit C.)   Scribd demonstrates that its technology is for publishing – whether or not the work is authored by the uploader.  Scribd goes on to state "At Scribd, we built a technology that's broken barriers to traditional publishing and in the process built one of the largest readerships in the world." In fact, and substance, Scribd has built the largest unlawful, online re-publisher and library in the world with full knowledge of the fact copyrighted works are being infringed continually.  On or about August of 2009, a simple search in the Scribd site revealed more than 15,000 works originally published by John Wiley & Sons, Inc., the publisher of four (4) of Plaintiff's works.

14.   Scribd indexes the web documents for "search engine optimization" and allows users to search for the text of various forms of literary works online. Scribd is supported in large part by commercial entities' purchase of advertising space on the site. The value of the space has a direct relationship to the amount of viewers and uploaders of content. CEO Adler

5

has stated in a number of interviews available on the internet and in print Scribd's illegal activity. He stated, "Scribd makes it easy to share documents on line." "If you want to publish online, with Scribd you can just take it, upload it, and its published online in a few seconds and the whole world can see it." As of June of 2009, more than 50,000 documents were being uploaded on Scribd every day. Scribd's purpose in the design of its system was to attract as much content as possible from any source without any actual identification of the uploader. Nearly all prior copyrighted content is uploaded without a license or the permission of the copyright holder. Scribd admits that when "something copyrighted gets uploaded, we just remove it when the copyright holder complains."

15. Scribd admits it regularly and systematically infringes copyrighted works such as those of Plaintiff. Scribd incorrectly believes and assumes it is immune from liability. Scribd requires a complaint and a takedown notice from a copyright holder before it does anything. Scribd was aware that entire books such as Dan Brown's *The Da Vinci Code* and *Harry Potter* were uploaded to its site, but did nothing for a period of time. Scribd attempts to assert that the use of the DMCA copyright infringement notification establishes its safe harbor under the DMCA. This is incorrect. Scribd's business model and intent involves a vast number of individuals and businesses in using the internet. Scribd is a worldwide operation and library created for reading others' works.

16. Scribd's business model and format requires a copyright holder such as Plaintiff to devote a substantial amount of time to monitoring numerous websites and sending out takedown notices to marginally receive the protection which Plaintiff is guaranteed pursuant to Article 8 of the United States Constitution. Scribd knowingly infringes copyrights while attempting to redefine Plaintiff's intellectual property rights. Scribd has self-determined that its illegal uploading, re-publishing of works and distribution is protected under the DMCA.

17. Scribd is a for profit company. Scribd's CEO stated that "Our belief is that all documents out there on the web right now are not being monetized, and we'd like to change

that." To change that, Scribd "created an ad system for documents." Scribd "got access to this special Google API so that we [Scribd] can display Google AdSense inside of [iPaper] documents." "There's a ton of documents that are not being monetized." "Ultimately we want to monetize the hundreds of millions of PDFs and other kinds of documents on the web." The misuse of the copyrighted works attracts more users to Scribd's website.  More users, downloading and uploading as well as viewing increases the advertising revenues for the website and "monetizes" the infringement of copyrighted works such as Plaintiff's works.  Hence, Scribd receives direct and substantial benefit from the copyright infringement it promotes, enables, facilitates and actually performs.  Due to this direct and substantial benefit from the infringing activity, the DMCA's safe harbor is not available to Scribd.

18.   Scribd does not provide internet access to paying customers and could and would not replace an individual's internet service provider to provide any consumer access to the internet. The true legal name of Defendant sued herein as Doe 1 is unknown to Plaintiff. Doe 1 (hereinafter referred to as "GalaxiaMia") uses the pseudonym "GalaxiaMia Guy" when participating in the infringing activity that is the subject of this litigation.  Galaxiamia is an individual whose Scribd.com network identity or member name is "Galaxiamia Guy".  If necessary, Plaintiff will seek leave to amend this Complaint to state Galaxiamia's true name when ascertained. Galaxiamia has uploaded Plaintiff's copyrighted material to the website Scribd.com on numerous occasions with the intent to share and distribute the material to other users. The following parties: api_user_11797_malvik  as Doe 2; alukmanto as Doe 3; api_user_11797_NEBOJSAJE as Doe 4; mikaj  as Doe 5; Srikanthbnm sued as Doe 6; api_user_11797_Sathis sued as Doe 7; api_user_11797_tevado... is sued herein as Doe 8; api_user_11797_ingrid...  is sued as Doe 9. Does 10 to 40 are upload infringers to be named when their names are ascertained.

19.   Defendant Galaxiamia has or had Defendant Scribd's CEO, Trip Adler,  listed as his only friend on the Scribd website.  CEO Adler's picture appeared on Galaxiamia's page.

7

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT; CONTRIBUTORY AND VICARIOUS INFRINGEMENT; MISAPPROPRIATION OF RIGHT OF PUBLICITY

Trip Adler is also one of Scribd's founders. Defendant Scribd had access to and knowledge of the infringing activity of Galaxiamia. On Galaxiamia's Scribd page, there was a folder tilted "Larry Williams." Each of the infringed works had the copyright claim clearly designated thereon. In some instances, the uploaded work was in excess of two hundred fifty (250) pages of copyrighted material authored by Plaintiff. Doe Defendants 10 to 40 are uploading infringers who have posted Plaintiff's copyrighted works on the internet without Plaintiff's permission. Galaximia provided at least six (6) of Plaintiff's works to Scribd for Scribd to upload, translate into iPaper and offer to the internet-enabled world.

20.  Each of the works at issue in this action is of high production value and is easily discernable as a professional work. Each work has an open and obvious claim of copyright in it. Each work had to be converted into iPaper format for Scribd's uploading and infringing re-publishing on its website. On several of Plaintiff's works, Plaintiff's picture also appears on the infringing iPaper reproduction. Scribd's iPaper technology re-publishes the copyrighted print work in the iPaper derivative work with all charts, photographs, graphs and calculations in place as if the derivative works were Plaintiff's copyrighted print version.

21.  Each of the works at issue in this action was either registered to Plaintiff with the United States Copyright Office, or Plaintiff has the right to enforce the work, or Plaintiff had an application for registration pending when the works were uploaded and distributed from Scribd.com. All of the works at issue are currently registered with the United States Copyright Office or have copyrights pending. Each of Plaintiff's works is marked with a copyright notice and a warning that unauthorized copying is illegal and will be prosecuted.

22.  Defendant Scribd knew or should have known that Plaintiff resides in California and that infringement of his works was likely to cause harm in California.

23.  At various times, during regular inspections of the Scribd.com website, Plaintiff's friends and employees discovered and documented a number of Plaintiff's copyrighted works

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT; CONTRIBUTORY AND VICARIOUS INFRINGEMENT; MISAPPROPRIATION OF RIGHT OF PUBLICITY

being publicly displayed and or distributed by and through the Scribd.com website, owned and operated by Defendant.

24. Plaintiff and his publisher previously sent notices to Scribd, whose website hosted the infringing activity, notifying them of the infringing activity, providing the copyright registration numbers and the specific locations of the copyrighted works on the Scribd website and requesting that the infringing files be removed. After the first notice, all the notices sent to Scribd were in compliance with 17 U.S.C. 512(c)(3); even though, Scribd is not an ISP entitled to the safe harbor defense under this Section.  Scribd refused to remove works without use of a DMCA notice. Even after numerous notifications of infringing works, Scribd continued to display Plaintiff's work or works through August 25, 2009 and continued to display portions of one work into 2010.  Scribd is and should be considered a publisher and library not a "service provider" under 17 U.S.C. 512. Scribd receives direct financial benefit attributable to the infringing activity and has the right and ability to control the infringing activity. Scribd has actual knowledge that materials and Scribd's activities as well as others are using materials on Scribd system which are infringing.

25. Scribd acknowledges its copyright infringement in its own terms on its website. When Scribd receives a takedown notice, it copies the wrongfully uploaded document into its Copyright Management System ("CMS").  (The CMS system was offered to the public after several of Scribd's acts of infringement alleged by Plaintiff herein.)  Scribd receives a benefit from the unlawful copying of copyrighted works in the CMS.  The CMS service is also not provided for free to a copyright holder such as Plaintiff for use prior to infringement.  Scribd does offer the CMS protection prior to any infringement,  but requires a copyright holder such as Plaintiff to waive any and all claims for copyright infringement, requires an acknowledgement that Scribd complies with and is afforded protection of the DMCA, and does not guarantee that the CMS service will prevent future infringing activity. Scribd acknowledges on its FAQ page that "distributing copyrighted content without the

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT; CONTRIBUTORY AND VICARIOUS INFRINGEMENT; MISAPPROPRIATION OF  RIGHT OF  PUBLICITY

copyright owner's permission is copyright infringement even if you give the document away for free." (Exhibit D.) Scribd knowingly and willfully engages in copyright infringement to attract traffic to its website to generate advertising revenue. Scribd states, **"**Automated past protection: Each time Scribd receives a DMCA-compliant takedown request from a copyright holder, we quickly remove the unauthorized document and add a unique reference file corresponding to that document to our copyright database, deleting previously-uploaded copies of the same work identified by the system." Scribd did not do so for Plaintiff, and, as alleged further herein, actually sent its readers to alternate copies of Plaintiff's work *The Secret of Selecting Stocks for Immediate and Substantial Gains* **after** the work was removed from a different location.

26. Scribd converts uploaded documents into its iPaper format.  Scribd creates a derivative work in doing so.  Each derivative work converted from Plaintiff's copyright protected works is an unlawful derivative work which Scribd used for its profit.  Scribd notifies users on its FAQ page that "even if you used your creativity to make a new document that contained another person's copyrighted work, you may be liable for copyright infringement." (Exhibit D.)  This is exactly what Scribd has done and continues to do with its creative business format which includes creation of a new iPaper document which contains and contained Plaintiff's copyrighted works.

27. Plaintiff is informed and believes and based thereon alleges that Scribd removed some of the infringing material only after numerous notices were sent by Plaintiff.  However, by the time some of the infringing material was removed from one location on the site, Plaintiff's copyrighted works were posted at another location on the site and available for distribution. During the time between Plaintiff's notifications and some of the takedowns, Plaintiff's works were each downloaded and/or viewed hundreds of times. For example, on Defendant Galaxiamia's Scribd account alone, Plaintiff's books were downloaded and/or viewed between 93 to 301 times for each uploaded work.  In its attempts to stop the

10

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT; CONTRIBUTORY AND VICARIOUS
INFRINGEMENT; MISAPPROPRIATION OF RIGHT OF PUBLICITY

uploading infringement, Defendant Scribd further violated Plaintiff's works by permanently copying and storing portions on its CMS.

28. Plaintiff is informed and believes that Defendant Galaxiamia uploaded many of Plaintiff's copyrighted works to Scribd. Scribd, after translation into the iPaper format, made Plaintiff's copyrighted works available for distribution to millions of readers worldwide. Many readers only read them. Many more downloaded entire copyrighted books.

29. Plaintiff previously requested through a subpoena the true identity of Defendant Galaxiamia from Defendant Scribd. Plaintiff included the detailed information required by 17 U.S.C. §512 (h) in the Subpoena dated May 12, 2009 issued in Miscellaneous Case N0. 09 MC 0289. Defendant Scribd refused to, and apparently could not, identify the upload infringers as Defendant Scribd is not a true internet service provider as contemplated in the Copyright Act. Plaintiff is informed and believes that Defendant Scribd does not charge for its "service"; does not require an actual address and/or identification of the uploading infringer. Such failures render any claims that Scribd is an internet service provider moot. Yet, without charge for uploading, viewing and/or downloading, Scribd is profitable.

30. Defendants, without authorization, uploaded, put into iPaper format, distributed and/or publicly displayed at least seven (7) works owned by and registered to Plaintiff. One work, <u>Forecast 2009, Casting Stones, The Fate of Our Future</u>, was downloaded 271 times and viewed 381 times. Plaintiff first published this work on January 1, 2009. It was discovered on Scribd in early March and had been viewed or downloaded 652 times. The recent work was selling for $195.00 at the time which equates to $52,845.00 in lost sales for the downloads only. Plaintiff derives his income and living from his writings and forecasts. He publishes works on a monthly, quarterly and yearly basis and is entitled to protection of his intellectual property rights without having to search endlessly on Scribd's system to prevent infringement.

11

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT; CONTRIBUTORY AND VICARIOUS INFRINGEMENT; MISAPPROPRIATION OF RIGHT OF PUBLICITY

31. Plaintiff lectures and publishes his own materials online. Due to Scribd's continued and "immediate" re-publishing abilities, Plaintiff is required to expedite his copyright claims on his writings. The normal and customary fee of $65.00 will result in a registered copyright after many months of waiting.  The expedited fee is over $700.00.  Plaintiff was required to expedite his copyright on his "Inner Circle Workshop" and its notes. The workshop attendants received the 69 page notes as part of the workshop. The notes alone were sold for $1,295.00.

32. Scribd refused to respond to Plaintiff's first demand to takedown his works, and only did so after Plaintiff used one of Scribd's DMCA notice forms.  Scribd's designated agent for takedown notices is "Scribd, Inc. Attn: Scribd DMCA copyright infringement notification; 539 Bryant St., Suite 200, San Francisco, CA 94107; or fax to: 415-896-9897; Attn: Scribd DMCA copyright infringement notification, or email to: copyright@scribd.com, Subject: Scribd DMCA copyright infringement notification. (Exhibit F.)

33. The Copyright Act requires the same information to be on file at the Copyright Office. It is not. The information listed at the Copyright Office for Scribd's putative designated , agent is: Jason Bentley, 211 Sutter Street, Floor 2, San Francisco, CA 94108, phone: 415-839-7499, fax: 650-745-0703, copyright@scripd.com.

34. Plaintiff's work "The Secret of Selecting Stocks for Immediate and Substantial Gains" was discovered to be uploaded and re-published in Scribd's number 6838689 in March of 2009. Plaintiff demanded it be taken down. It was then discovered to be uploaded in Scribd's number 481262 the next day, on March 31, 2009, and demanded to be taken down. On April 1, 2009, it was then discovered to be uploaded in Scribd's number 6128545 and demanded to be taken down the next day. On or about May 7, 2009, Plaintiff checked the takedown for the Scribd number 481262.  The site location stated that Plaintiff's work had been taken down by request, but then listed seven (7) different locations where the work was still available. Plaintiff discovered that this same work had been uploaded in Scribd documents

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT; CONTRIBUTORY AND VICARIOUS INFRINGEMENT; MISAPPROPRIATION OF RIGHT OF PUBLICITY

6769488; number 9850714; number 6886122; number 7663591; number 735581; number 6517031; number 6717867.  On each one of the number Scribd sites, Plaintiff's work was viewable, readable and/or downloadable and reflected that this one work had been read 759 times on these seven (7) still existing sites. On May 12, 2009, Scribd acknowledged these last postings, as it had acknowledged the **identical** postings on the three previous occasions.

35. In March of 2009, Plaintiff's work "The Right Stock at the Right Time" was discovered to be uploaded, re-published and infringed in Scribd numbers 1216666 and 6478867. Demand was made that these be taken down.  On or about May 7, 2009, Plaintiff discovered that this work was again uploaded, translated into the derivative work and republished in Scribd's document 7100437. Demand was made that it be taken down. Plaintiff's staff found on or about August 10, 2009 that in October of 2008, in Scribd number 6897779 this **same** work had been uploaded, translated into the derivative iPaper format and republished. Again, it was demanded to be taken down.  On August 24, 2009,  Plaintiff discovered that an upload posted on April 6, 2009 was translated into a derivative published copy named "2003 - 10 Year Pattern-in-the-United States Stock Market". This is the title to Chapter 1 of "The Right Stock at The Right Time."  Again, it was demanded to be taken down.  On October 1, 2009,  the work was again uploaded, translated into the derivative work and remained posted until January of 2010 when it disappeared.

36. In March of 2009, in Scribd's numbers 7123417; 7057123; 6847347, Plaintiff's work *Long Term Secrets to Short Term Trading* was found on Scribd's site. Demand was made on March 25, 2009 for this work to be taken down.  On May 7, 2009,  the same entire volume was found at Scribd number 7100437.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement – 17 U.S.C. § 502)

37.  Plaintiff repeats and incorporates by reference each and every allegation set forth in paragraphs 1 through 36 inclusive.

13

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT; CONTRIBUTORY AND VICARIOUS INFRINGEMENT; MISAPPROPRIATION OF  RIGHT OF  PUBLICITY

38. Without authorization, Defendant Scribd, by and through the website Scribd.com, distributed the following works owned and copyrighted by Plaintiff: <u>Larry Williams Forecast 2009</u>; <u>10 Year Pattern in the U.S. Stock Market</u> (Chapter 1 of *The Right Stock at The Right Time*.);  and <u>Inner Circle Workshop Notes</u> taken from *Larry Williams Inner Circle Workshop*. Defendant GalaxiaMia also uploaded the following chapter and/or section titles from Plaintiff's works:  <u>A Classic Larry Williams Trading Pattern</u>; <u>The False Break Buy & Sell Pattern</u>; <u>My Million Dollar Stock Market Concept</u> (Chapter 1 of*The Secret of Selecting Stocks For Immediate and Substantial Gains*); <u>How to Trade Better</u>.. Each of these titles are portions of Plaintiff's copyrighted works. In addition, *Long Term Secrets of Short Term Trading* ;  *The Secret of Selecting Stocks for Immediate and Substantial Gains* and *The Right Stock at The Right Time* were uploaded, translated, re-published and held in the Scribd "library" for view or download as alleged in Paragraphs 34,  35 and 36.

39. Once Plaintiff discovered the infringing activity, Plaintiff's efforts to prevent further infringement of his works by notifying Defendant Scribd were denied and Scribd employed tactics that made is unnecessarily difficult and complicated for Plaintiff to protect his copyrighted works. Scribd refused to respond to Plaintiff's first demand to takedown his works, and only did so after Plaintiff used one of Scribd's DMCA notice forms.  Scribd's designated agent for takedown notices is "Scribd, Inc. Attn: Scribd DMCA copyright infringement notification; 539 Bryant St., Suite 200, San Francisco, CA 94107; or fax to: 415-896-9897; Attn: Scribd DMCA copyright infringement notification, or email to: copyright@scribd.com, Subject: Scribd DMCA copyright infringement notification.

40. The Copyright Act requires the same information to be on file at the Copyright Office. It is not. The information listed at the Copyright Office for Scribd's putative designated agent is: Jason Bentley, 211 Sutter Street, Floor 2, San Francisco, CA 94108, phone: 415-839-7499, fax: 650-745-0703, copyright@scripd.com.

14

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT; CONTRIBUTORY AND VICARIOUS
INFRINGEMENT; MISAPPROPRIATION OF  RIGHT OF PUBLICITY

41. Defendants Scribd, GalaxiaMia's, and the other uploading Defendants' conduct was willful within the meaning of the Copyright Act. Defendants induced, caused and materially contributed to the infringing acts of others by encouraging, inducing, allowing and assisting others to reproduce and distribute Plaintiff's works on the Scribd.com website.

42. As a result of the wrongful conduct, Defendants are liable to Plaintiff for copyright infringement. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to, damage to his business reputation and goodwill.

43. Plaintiff is entitled to recover damages, which include Plaintiffs losses and any and all profits Defendants have made as a result of their wrongful conduct. Alternatively, Plaintiff is entitled to statutory damages.

44. In addition, because Defendants' conduct was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. §504(c)(2).

45. Plaintiff is entitled to recover his attorney's fees and costs of suit pursuant to 17 U.S.C. §505. Plaintiff is further entitled to and seeks injunctive relief enjoining Defendant Scribd from publishing any and all works authored by Plaintiff Larry Williams including, but not limited to, those listed in Paragraph 8 herein.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement)

46. Plaintiff repeats and incorporates by reference each and every allegation set forth in paragraphs 1 through 45, inclusive.

47. Without authorization, Defendant GalaxiaMia (Doe 1) reproduced and uploaded to Scribd the following works owned, authored and/or copyrighted by Plaintiff: Larry Williams Forecast 2009; 10 Year Pattern in the U.S. Stock Market (Chapter 1 of *The Right Stock at The Right Time*.); and Inner Circle Workshop Notes taken from *Larry Williams Inner Circle Workshop*. Defendant GalaxiaMia also uploaded the following chapter and/or section titles from Plaintiff's works: A Classic Larry Williams Trading Pattern; The False Break Buy & Sell Pattern; My Million Dollar Stock Market Concept (Chapter 1 of *The Secret of Selecting Stocks*

15

*For Immediate and Substantial Gains*); How to Trade Better. Other Defendants used Scribd's system to upload the entire works *The Right Stocks at The Right Time, Long Term Secrets of Short Term Trading* and *The Secret of Selecting Stocks for Immediate and Substantial Gains* over a dozen times. Scribd converted the works into derivative works by translating into iPaper format and made the works available through its re-publishing system.

48. Defendants knew or should have known the infringed works belonged to Plaintiff and that they did not have permission to exploit Plaintiff's works. Copyright claims were clearly displayed and obvious on the works. Several of the works were books in excess of 200 pages

49. Defendants Scribd and the uploading Defendants who used Scribd's "technology to break barriers to traditional publishing," obtained a direct financial benefit from the infringing activities of the individuals or entities who directly infringed Plaintiff's works. Scribd built "one of the largest readerships in the world" from which Scribd profits from the volume of site visitors.

50. Defendant Scribd's CEO, Mr. Adler, and Defendant Galaxiamia were listed as friends on Scribd.com when the infringing activity giving rise to this litigation took place.

51. Defendant's CEO Mr. Adler was listed as Defendant GalaxiaMia's only contact on the Scribd.com website. In order to list another Scribd.com member as a "friend" or contact on the Scribd.com network, a member must receive the express authorization of the requested member to have them listed as a friend.

52. Plaintiff is informed and believes that Defendant Scribd was informed by GalaxiaMia on and through the Scribd.com network of GalaxiaMia's intent to upload for distribution copyrighted material without authorization. Furthermore, Scribd's iPaper derivative reproduction of Plaintiff's works facilitated and contributed to the infringing activity. After notification of infringing works, Scribd continued to allow and facilitate uploading and portions of Plaintiff's works were displayed in Scribd's "library" until January of 2010.

53. Plaintiff is informed and believes that Defendant Scribd, through its CEO, Mr.

Adler, and the iPaper system it established, either by acquiescing or by express agreement, engaged in, contributed to and caused the infringing activity of Galaxiamia.

54. As a result of the wrongful conduct, Defendants are liable to Plaintiff for copyright infringement. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to his business reputation and goodwill.

55. Plaintiff is entitled to recover damages, which include Plaintiffs losses and any and all profits Defendants have made as a result of their wrongful conduct. Alternatively, Plaintiff is entitled to statutory damages.

56. Plaintiff is entitled to recover his attorney's fees and costs of suit pursuant to 17 U.S.C. §505. Plaintiff is further entitled to and seeks injunctive relief enjoining Defendant Scribd from publishing any and all works authored by Plaintiff Larry Williams including, but not limited to, those listed in Paragraph 8 herein.

### THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement)

57. Plaintiff repeats and incorporates by reference each and every allegation set forth in paragraphs 1 through 56, inclusive.

58. Defendant Scribd profited from the display and infringement of Plaintiff's works by inducing many thousands of viewers to its website to read, downloaded and/or view Plaintiff's works. Scribd's direct economic benefit came from its ability to advertise and "monetize" the derivative works in iPaper which were reproductions of Plaintiff's works.

59. Defendant Scribd had the ability to control its infringing activities and the individuals or entities who directly infringed Plaintiff's works. Scribd did not and continues to not control the infringing activities which give rise to Plaintiff's injuries.

60. As a result of the wrongful conduct, Defendants are liable to Plaintiff for copyright infringement. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to his business reputation and goodwill.

61. Plaintiff is entitled to recover damages, which include Plaintiffs losses and any and all profits Defendants have made as a result of their wrongful conduct. Alternatively, Plaintiff is entitled to statutory damages.

62. In addition, because Defendants' conduct was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. §504(c)(2).

63. Plaintiff is entitled to recover his attorney's fees and costs of suit pursuant to 17 U.S.C. §505. Plaintiff is further entitled to and seeks injunctive relief enjoining Defendant Scribd from publishing any and all works authored by Plaintiff Larry Williams including, but not limited to, those listed in Paragraph 8 herein.

## FOURTH CLAIM FOR RELIEF
(Misappropriation of the Right of Publicity - Cal. Civ. Code § 3344)

64. Plaintiff repeats and incorporates by reference each and every allegation set forth in paragraphs 1 through 63, inclusive.

65. Plaintiff's copyrighted works, particularly his *Larry Williams Inner Circle Workshops* and market forecasts, offer financial advice in a creative manner. Plaintiff, through his written works, workshops, lectures, and online presentations, has created a public image of himself and his trading advice.

66. Defendants infringed the rights of publicity owned and controlled by Plaintiff by displaying images of Plaintiff and his name for commercial gain without authorization. Additionally, Defendants uploaded and published materials referencing and using Plaintiff's name and picture without Plaintiff's permission. Plaintiff makes his living from selling commodity timing, trading and educational and seminar programs. Defendants have misappropriated Plaintiff's rights to his personality and his name.

67. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged by lost income in an amount to be determined at trial and is entitled to punitive damages and attorney's fees and costs pursuant to California Civil Code Section 3344.

68. Pursuant to the equitable powers of this Court, Plaintiff also requests an order restraining Defendant Scribd from using, uploading and/or storing his name and/or likeness on any location on its site.

WHEREFORE, Plaintiff demands judgment as follows:

A.    Enjoining Defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing Plaintiff's Copyrighted works whether published by Wiley or Plaintiff in violation of 17 U.S.C. § 501;

B.    Awarding Plaintiff its damages, Defendants' profits, or alternatively, at Plaintiff's election, statutory damages, as a result of Defendants' infringement of Plaintiff's copyrights;

C.    Awarding Plaintiff damages and disgorging Defendants' profits as a result of Defendants' unjust enrichment;

D.    Awarding Plaintiff it's damages, Defendants profits, or alternatively, at Plaintiff's election, statutory damages, as a result of Defendants' misappropriation of Plaintiff's Right of Publicity, and enjoining any use of Plaintiff's likeness and/or name pursuant to California Civil Code Section 3344;

E.    Awarding Plaintiff its costs in this action, including its reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

F.    Awarding Plaintiff punitive damages in an amount to be determined by the trier of fact in this action, and attorneys fees and costs pursuant to California Civil Code Section 3344.

G.    Granting such other and further relief as this Court sees just and proper.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff requests trial by jury of all issues triable by jury.

DATED:_____                              *LAW OFFICE OF KURT . HALLOCK*

By:__s/Kurt W. Hallock_____
Kurt W. Hallock,  Attorney for Plaintiff Larry Williams

19