Kurt W. Hallock, CSB #131893
*LAW OFFICE OF KURT W. HALLOCK*
110 West C Street, Suite 1905
San Diego, California  92101
kwhallock@hallocktriallaw.com
Telephone:  (619) 615-0726
Facsimile  :  (619) 615-0728

Attorney for Plaintiff Larry Williams

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| LARRY WILLIAMS <br><br> Plaintiff, <br><br> -v- <br><br> SCRIBD, INC, a corporation; GalaxiaMia sued As DOE 1; api_user_11797_malvik as Doe 2; alukmanto as Doe 3; api_user_11797_ NEBOJSAJE as Doe 4; mikaj as Doe 5; Srikanthbnm sued as Doe 6; api_user_11797_ Sathis sued as Doe 7; api_user_11797_ tevado... sued as Doe 8; api_user_11797_ ingrid...sued as Doe 9; and Does 10 to 40 are upload infringers to be named; <br> Defendants. | CASE NO.  09-CV-1836-LAB-WMc <br><br> PLAINTIFF LARRY WILLIAMS' OPPOSITION TO DEFENDANT SCRIBD, INC.'S RULE 12(b)(6) MOTION TO DISMISS <br><br> Date: February 22, 2010 <br> Time: 11:15 a.m. <br> Dept: 9 <br> Judicial Officer: Hon. Larry A. Burns |

Plaintiff LARRY WILLIAMS respectfully submits the following memorandum in support of his opposition to Defendant SCRIBD, INC.'s motion to dismiss his original complaint pursuant to Rule 12(b)(6):

**I.   INTRODUCTION**

Plaintiff Williams files this opposition in an abundance of caution. Plaintiff filed a First Amended Complaint on February 5, 2010, but this motion to dismiss remains on the Court's calendar.

This action is for copyright infringement.  Defendant SCRIBD, INC. filed its motion to dismiss based on grounds of failure to state a claim for "direct, contributory, or vicarious

1

PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 12(b) MOTION TO DISMISS

copyright infringement" as to Plaintiff's first claim.  As to Plaintiff's second claim for alleged conspiracy to commit copyright infringement, Defendant claims "if it is a federal claim it is identical to the first claim as contributory copyright infringement, and if it is a state law claim it is preempted. . ."

Plaintiff's third claim for misappropriation of right of publicity, fails to state a claim because it is preempted by the federal Cox-Wyden Amendment to the Communications Decency Act, 47 U.S.C. § 230.  Plaintiff's fourth claim for unjust enrichment was attacked as preempted by the Copyright Act.

Plaintiff chose to amend pursuant to Rule 15(a) as a matter of right prior to a responsive pleading.  The Rule 12(b) motion is not a responsive pleading. <u>See,</u> Schwarzer, Tashima & Wagstaffe, "Cal. Prac. Guide, Fed. Civ. Pro. Before Trial" (The Rutter Group 2009) at p. 9-86. Plaintiff's First Amended Complaint was served and filed on February 5, 2010.

## II. PLAINTIFF'S FIRST AMENDED COMPLAINT SUPERSEDES THE ORIGINAL COMPLAINT

Plaintiff's First Amended Complaint supersedes the original complaint when it is served.  <u>See</u>, *Doe v. Unocal Corp.*(CD CA 1998) 27 F. Supp. 2d 1174, 1180, aff'd (9th Cir. 2001) 248 F. 3d 915, 920.

## III. THE MOTION TO DISMISS SHOULD BE MOOTED

Defendant's motion to dismiss attacks the original complaint and should be mooted. Schwarzer, Tashima & Wagstaffe, "Cal. Prac. Guide, Fed. Civ. Pro. Before Trial" (The Rutter Group 2009) at p. 9-87.

Plaintiff addressed several of the issues raised in the motion to dismiss in his amended complaint. The unjust enrichment cause of action was removed.  The contributory and vicarious copyright infringement claims were also broken into separate claims for relief and there is no "conspiracy" allegation.  The preemption argument, after research, on the unjust enrichment claim for relief was well taken and that claim for relief was removed from the

2

PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 12(b) MOTION TO DISMISS

new amended pleading. Plaintiff also more fully sets forth his copyright registrations and his rights to enforce those copyrights issued in his publisher's name.

Plaintiff also addresses Defendant SCRIBD's unreasonably, lengthy time delays in removing all Plaintiff's works from its site. Defendant SCRIBD's failure to expeditiously remove Plaintiff's works and its failure to implement reasonable procedures to remove infringing materials creates, at the very last, questions of fact and law as to whether SCRIBD can avail itself to the DMCA.

Plaintiff's misappropriation of identity claim is not preempted. Where a Defendant misappropriates the identity or image of the Plaintiff, the Copyright Act does not preempt the Plaintiff's claim. *Laws v. Sony Music Entertainment, Inc.*, 294 F.Supp.2d 1160, 1164 (C.D.Cal. 2003). The Copyright Act does not address misuse of another's image and cannot preempt such claims.

Plaintiff's Contributory and Vicarious Infringement claims present questions of fact and law. It is undisputed that direct infringement took place on Defendant SCRIBD's website. SCRIBD was aware of that infringement and addressed that infringement on their website. Taking the allegations in the light most favorable to the Plaintiff, SCRIBD did use their website to induce further infringement by offering protection to direct infringers by creating a completely anonymous system. SCRIBD also made taking down infringing works unnecessarily hard, in order to induce further and continue current infringement.

Defendant SCRIBD profited from the infringing material. The courts have found a direct financial benefit when the website merely drew in more subscribers with the infringing material. *A&M Records, Inc., v. Napster, Inc.*, 239 F.3d 1004, 1023 (Cal. 2001). SCRIBD admits on their website that use Google's adsense, which pays as more views are attracted to the website. Further, SCRIBD's attempts to remove the infringing material are an attempt to appear as though they comply with the DMCA, while providing no real protection.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 12(b) MOTION TO DISMISS

SCRIBD's slow response and lengthy delays in removing the infringing material amounts to bad faith.

Several attempts to resolve the mootness issue after service and filing of Plaintiff's First Amended Complaint were attempted, but there has been no agreement, yet, to take the hearing on the motion to dismiss the original complaint off calendar. The attempts to meet and confer included telephone calls and a letter requesting the motion be taken off calendar. This opposition is filed in an abundance of caution should the hearing on the motion to dismiss go forward.

## IV. CONCLUSION

Plaintiff Larry Williams amended his original complaint while Defendant SCRIBD's motion to dismiss for failure to state claims was pending. The motion to dismiss as to the original complaint, which is superseded by the amended complaint, should be mooted. Defendant is not prevented from bringing a new motion to dismiss as to the First Amended Complaint. Plaintiff respectfully requests this Court deny Defendant's motion to dismiss.

Respectfully submitted.

DATED:  February 8, 2010    *LAW OFFICE OF KURT W. HALLOCK*

                                                  S/ Kurt W. Hallock
By:_____
    Kurt W. Hallock, Attorney for
Attorney for  Plaintiff Larry Williams

## PROOF OF SERVICE

I, the undersigned, declare that I am over the age of eighteen years and not a party to this action. I am employed in the County of San Diego where this service occurred. My business address is 110 West "C" Street, Suite 1905, San Diego, California 92101. I hereby certify that on February 8, 2010, I electronically transmitted:

1) Plaintiff Larry Williams' Opposition to Defendant Scribd, Inc.'s Motion to Dismiss

To the Clerk's Office pursuant to Electronic Case Filing Administrative Policies and Procedures using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the Following CM/ECF registrants who have consented to electronic service through the Court's transmission facilities:

Richard P. Sybert, e-mail: rsybert@gordonrees.com;

Attorney for Defendant Scribd, Inc.

Yuo-Fong C. Amato, e-mail: rsybert@gordonrees.com;

Attorney for Defendant Scribd, Inc.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on February 8, 2010 at San Diego, CA.

S/ Kurt W. Hallock

_____

Kurt W. Hallock

PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 12(b) MOTION TO DISMISS