Kurt W. Hallock, CSB #131893
*LAW OFFICE OF KURT W. HALLOCK*
110 West C Street, Suite 1905
San Diego, California  92101
kwhallock@hallocktriallaw.com
Telephone:  (619) 615-0726
Facsimile  :  (619) 615-0728

Attorney for Plaintiff Larry Williams

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| LARRY WILLIAMS<br><br>           Plaintiff,<br><br>       -v-<br><br>SCRIBD, INC, a corporation; GalaxiaMia sued As DOE 1; api_user_11797_malvik as Doe 2; alukmanto as Doe 3; api_user_11797_ NEBOJSAJE as Doe 4; mikaj as Doe 5; Srikanthbnm sued as Doe 6; api_user_11797_ Sathis sued as Doe 7; api_user_11797_ tevado... sued as Doe 8; api_user_11797_ ingrid...sued as Doe 9; and Does 10 to 40 are upload infringers to be named;<br>           Defendants. | CASE NO.  09-CV-1836-LAB-WMc<br><br>PLAINTIFF LARRY WILLIAMS' STATEMENT IN RESPONSE TO COURT'S OSC RE: FILING OF FIRST AMENDED COMPLAINT AND REQUEST FOR LEAVE TO FILE AND/OR TO LODGE PROPOSED AMENDED COMPLAINT<br><br>Dept: 9<br>Judicial Officer: Hon. Larry A. Burns |

Plaintiff LARRY WILLIAMS respectfully submits the following statement in response to this Court's Order to Show Cause and in support of his request to permit the filing of his First Amended Complaint ("FAC") and/or to lodge the FAC in conjunction with his opposition to Defendant's Rule 12(b) Motion to Dismiss:

**I.   INTRODUCTION**

Plaintiff's counsel requests leave to file the FAC based on counsel's mistake in belief that a party could still amend an original pleading of course once prior to a responsive pleading.  Federal Rule 15(a) and its amended language was not reviewed

1

PLAINTIFF LARRY WILLIAMS' STATEMENT IN RESPONSE TO COURT'S OSC RE: FAC

and discovered until receiving this Court's Order to Show Cause on February 8, 2010. (See, affidavit of Hallock, ¶S 3, 4 filed herewith.)

Plaintiff received Defendant's motion to dismiss pursuant to Rule 12(b)(6) on or about November 24, 2009.  Plaintiff's complaint was filed on August 25, 2009. Research at the time of receipt of the motion including the then-current Rule 15 was reviewed and indicated that an amendment of right was appropriate pursuant to Federal Rule of Civil Procedure 15(a) at any time prior to the filing of a responsive pleading.  The Rule 12(b) motion was not considered a responsive pleading and there was no time limit imposed by the former Rule. The 2009 California Practice Guide was also checked. There was and is no time limit stated in the 2009 Practice Guide as it has not been up dated. See, Schwarzer, Tashima & Wagstaffe, "Cal. Prac. Guide, Fed. Civ. Pro. Before Trial" (The Rutter Group 2009) at p. 9-86.

Unfortunately, due to Plaintiff's counsel's inadvertence, the change to Rule 15 was not timely reviewed.  Otherwise, the FAC would have been filed and served in December of 2009. Unfortunately, the California Practice Guide also does not reflect the amendment.

In the mistaken belief that the FAC was timely and appropriately filed, Plaintiff cited the Practice Guide and old Rule 15 to the court and counsel in Plaintiff's Opposition to Defendant's Motion to Dismiss.  This Opposition was filed approximately an hour prior to receiving the Court's OSC and argued mootness and that the original complaint was superseded.

## II. PLAINTIFF REQUESTS LEAVE TO AMEND AND REQUESTS THE COURT ACCEPT HIS FIRST AMENDED COMPLAINT

This Court is allowed to permit the filing of the FAC "when justice so requires." Fed. R. Civ. P. 15(a)(2).  There has been no trial scheduling order, no early neutral evaluation conference, no discovery and there was no intentional delay in Plaintiff's attempt to file his

2

PLAINTIFF LARRY WILLIAMS' STATEMENT IN RESPONSE TO COURT'S OSC RE: FAC

FAC. It was done on February 5, 2010 due to a mistake in counsel's failing to review and find the changes in Rule 15(a).

Similar to the "when justice so requires" language of Rule 15(a)(2), the pre-ample to the current Federal Rules states "they will govern all proceedings commenced on or after December 1, 2009, and 'insofar as just and practicable' all proceedings then pending." Although the error is Plaintiff's counsel's error, it would be an injustice to prevent Plaintiff's FAC due to counsel's error. The earlier Rule 15 was in effect when this matter was filed.

There has been no intended delay and there is no apparent injustice to Defendant SCRIBD. No reply to Plaintiff's opposition is yet due, either.

Cases should be decided on their merits. Leave to amend pleadings is usually freely given unless there has been undue prejudice, bad faith or dilatory motive on the part of the moving party. *Foman v.* Davis (1962) 371 U.S. 178, 182; Martinez *v. Newport Beach City* (9th Cir. 1997) 125 F.3d 777, 785. The purpose of Rule 15 is to assure that cases be heard on their merits and to avoid injustices which sometimes result from strict adherence to technical pleading requirements. *Forman*, at 182; *Slayton v. American Express Co.* (2nd Cir. 2006) 460 F. 3d 215, 228.

Due to the move from simple notice pleading to a requirement of more detailed allegations and the authority to grant summary judgment on a Rule 12 (b) motion as the Court held in *Bell Atlantic Crop v. Twombly* (2007) 550 U.S. 544, 555, Plaintiff may suffer a severe injustice in not being afforded the opportunity to amend his pleading to more fully flesh out the claims alleged in the complaint. Although not contained in the Notice of the Motion to Dismiss, request for summary judgment is requested in the body of the motion.

Plaintiff filed and the FAC seventeen (17) days prior to the hearing on the motion to dismiss. This was done under the mistaken belief that this was actually early and an effort to clear the matter from the Court's calendar prior to the February 22, 2010 hearing date. It was not done with the intent to delay or cause undue prejudice.

In cases where there is no prejudice to the other side, there is a presumption in favor of leave to plead and the standard should be applied extremely liberally. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003).

In *Ellison v. Ford Motor Co.*, the court found that the trial court's grant of a motion to dismiss without considering a party's motion to amend the complaint was an abuse of discretion. 847 F.2d 297, 300 (6th Cir. 1988). Plaintiff requests leave to amend his original complaint.

Defendant SCRIBD attacked Plaintiff's complaint's four claims for relief on either preemption grounds or "failure to state a claim." The proposed FAC addresses these issues and more completely sets forth Plaintiff's claims.

Should the court be inclined to deny Plaintiff's request to properly file the FAC, Plaintiff requests leave to lodge the FAC, with a request to amend, in opposition to Defendant's motion to dismiss.

### III. CONCLUSION

Plaintiff Larry Williams respectfully requests this Court grant him leave to properly file his previously inappropriately filed First Amended Complaint.

Respectfully submitted.

DATED: February 10, 2010          *LAW OFFICE OF KURT W. HALLOCK*

                                    S/ Kurt W. Hallock
                                  By:_____
                                    Kurt W. Hallock, Attorney for
                                    Attorney for Plaintiff Larry Williams

### PROOF OF SERVICE

I, the undersigned, declare that I am over the age of eighteen years and not a party to this action. I am employed in the County of San Diego where this service occurred. My

4

PLAINTIFF LARRY WILLIAMS' STATEMENT IN RESPONSE TO COURT'S OSC RE: FAC

Case 3:09-cv-01836-LAB-WMC   Document 12   Filed 02/10/10   Page 5 of 5

business address is 110 West "C" Street, Suite 1905, San Diego, California 92101. I hereby certify that on February 10, 2010, I electronically transmitted:

    1) Plaintiff Larry Williams' Opposition to Defendant Scribd, Inc.'s Motion to Dismiss

To the Clerk's Office pursuant to Electronic Case Filing Administrative Policies and Procedures using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the Following CM/ECF registrants who have consented to electronic service through the Court's transmission facilities:

    Richard P. Sybert, e-mail: rsybert@gordonrees.com;

    Attorney for Defendant Scribd, Inc.

    Yuo-Fong C. Amato, e-mail: rsybert@gordonrees.com;

    Attorney for Defendant Scribd, Inc.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on February 10, 2010 at San Diego, CA.

                                              S/ Kurt W. Hallock

                                              _____
                                              Kurt W. Hallock

PLAINTIFF LARRY WILLIAMS' STATEMENT IN RESPONSE TO COURT'S OSC RE: FAC