Richard P. Sybert, Bar No. 80731
email rsybert@gordonrees.com
Yuo-Fong C. Amato, Bar No. 261453
email bamato@gordonrees.com
GORDON & REES LLP
101 W. Broadway, Suite 1600
San Diego, California 92101
tel (619) 696-6700 / fax (619) 696-7124

Attorneys for Defendant
SCRIBD, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAMS,<br><br>    Plaintiff,<br><br> v.<br><br>SCRIBD, INC., a corporation, GalaxiaMia sued as DOE 1; api_user_11797_malvik as DOE 2; alukmanto as DOE 3; api_user_11797_NEBOJSAJE as DOE 4; mikaj as Doe 5; Srikanthbnm sued as DOE 6; api_user_11797_Sathis sued as DOE 7; api_user_11797_tevado… sued as DOE 8; api_user_11797_ingrid… sued as DOE 9; and DOES 10 to 40 are upload infringers to be named,<br><br>    Defendants. | CASE NO.  09-cv-1836-LAB-WMc<br><br>**DEFENDANT SCRIBD, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Date: February 22, 2010<br>Time: 11:15 a.m.<br>Dept: 9<br>Judicial Officer:  Hon. Larry A. Burns |

**TABLE OF CONTENTS**

| Section | | | Page |
|---|---|---|---|
| I. | Introduction | | 1 |
| II. | Argument | | 2 |
| | A. | The FAC's Allegations As to All the Copyright Claims Remain Fatally Defective. | 2 |
| | B. | The FAC Alleges Essentially the Same, Insufficient Facts for the First Claim for (Direct) Copyright Infringement. | 5 |
| | C. | The FAC Alleges Essentially the Same, Insufficient Facts for the Second Claim for Contributory Copyright Infringement | 6 |
| | D. | The FAC Alleges Essentially the Same, Insufficient Facts for the Third Claim for Vicarious Copyright Infringement | 8 |
| | E. | Scribd is Protected by the DMCA "Safe Harbor". | 10 |
| | F. | Plaintiff Does Not Dispute That the Fourth Claim for Misappropriation of Right of Publicity is Preempted by Section 230 of the Communications Decency Act, But Only That It Is Not Preempted by the Copyright Act | 10 |
| | G. | Plaintiff Does Not Dispute the Authenticity of the Exhibits to the Motion to Dismiss. | 11 |
| III. | Conclusion | | 11 |

**TABLE OF AUTHORITIES**

<u>Cases</u>

<u>Case Name</u>                                                                                                                                       <u>Page</u>

*A&M Records, Inc. v. Napster, Inc.*,
 239 F.3d 1004 (9th Cir. 2001) ..............................................................................7, 9

*A&M Records, Inc. v. Napster, Inc.*,
 284 F.3d 1091 (9th Cir. 2002) ...................................................................................7

*AMCAL Gen. Contrs., Inc. v. Co.*,
 2009 U.S. Dist. LEXIS 97111 (C.D.Cal. Oct. 20, 2009)..................................6, 11

*Brave New Films 501(C)(4)v. Weiner*,
 626 F.Supp.2d 1013 (N.D.Cal. 2009) ....................................................................10

*Britz Fertilizers, Inc. v. Bayer Corp.*,
 2009 U.S. Dist. LEXIS 96693 (E.D.Cal. Oct. 16, 2009) ..................................6, 11

*CoStar Group, Inc. v. LoopNet, Inc.*,
 373 F.3d 544 (4th Cir. 2004) .....................................................................................6

*Entm't Research Group v. Genesis Creative Group*,
 122 F.3d 1211 (9th Cir. 1997) ...................................................................................7

*Gaiman v. McFarlane*,
 360 F.3d 644 (7th Cir. 2004) .....................................................................................7

*Goddard v. Google, Inc.*,
 2009 U.S. Dist. LEXIS 67203 (N.D.Cal. July 30, 2009).......................................10

*Io Group, Inc. v. Veoh Networks Inc.*,
 586 F.Supp.2d 1132 (N.D.Cal. 2008) ..................................................................8, 9

*Kuoha v. Equifirst Corp.*,
 2009 U.S. Dist. LEXIS 94699 (S.D.Cal. Oct. 7, 2009) .....................................6, 11

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*,
 545 U.S. 913 (2005)....................................................................................................9

*MGIC Indem. Corp. v. Weisman*,
 803 F.2d 500 (9th Cir. 1986) ...............................................................................6, 11

*Newborn v. Yahoo!, Inc.*,
 391 F.Supp.2d 181 (D.D.C. 2005) ..........................................................................10

*Parker v. Google, Inc.*,
 422 F.Supp.2d 492 (E.D.Pa. 2006) .........................................................................10

*Perfect 10, Inc. v. Cybernet Ventures, Inc.*,
 213 F.Supp.2d 1146 (C.D.Cal. 2002).   ...................................................................6

*Religious Tech. Cir. v. Netcom On-Line Commc'n Servs., Inc.*,
 907 F.Supp. 1361 (N.D.Cal. 1995) ...........................................................................6

*Swartz v. KPMG LLP*,
 476 F.3d 756 (9th Cir. 2007) ...............................................................................6, 11

*United States v. Ritchie*,
 342 F.3d 903 (9th Cir. 2003) ...............................................................................6, 11

**TABLE OF AUTHORITIES**

<u>Statutes</u> Page

17 U.S.C. § 512..................................................................................................................5, 10

47 U.S.C. § 230...................................................................................................................10

F.R.C.P. Rule 12(b)(6).....................................................................................................1, 11

## I. INTRODUCTION

Defendant Scribd, Inc. ("Defendant" or "Scribd") respectfully submits this Reply memorandum in support of its pending Rule 12(b)(6) Motion to Dismiss the Complaint(s). The First Amended Complaint that Plaintiff has presented does *not* cure the fatal deficiencies which are the subject of the Motion to Dismiss. Plaintiff still cannot state a claim on which relief may be granted, and has still failed to do so. This lawsuit should still be dismissed.

On February 5, 2010, Plaintiff Larry Williams ("Plaintiff") filed an untimely First Amended Complaint ("FAC"). *See* Federal Rule of Civil Procedure 15(a). The FAC attempts to fix the many deficiencies of the original Complaint ("Complaint"). At the same time, Plaintiff filed his Opposition to the Motion to Dismiss ("Opposition"), conceding that his original fourth claim for relief, for unjust enrichment, was preempted, admitting that there is no allegation of "conspiracy to infringe," and therefore removing both these claims. Opposition 2:22-3:1. Plaintiff now argues that the "corrections" made in the FAC moot the Motion to Dismiss. However, that is simply not so.

As noted, the FAC removes the preempted state law claim for unjust enrichment and the claim for "conspiracy to infringe," but retains the claim for state law "right of publicity" and breaks the copyright allegations into three claims for direct, vicarious, and contributory copyright infringement. For the reasons set forth below, however, none of the new claims is a claim on which relief may properly be granted, as a matter of law.

Beyond that, however, the FAC remains fatally defective: just as the prior and present claim for direct copyright infringement, the new claims for contributory and vicarious copyright infringement cannot stand against Scribd's status as an Internet Service provider (ISP) and its mooring within the "safe harbor" provision of the Digital Millennium Copyright Act ("DMCA"). The state law claim for "right of publicity" is preempted by federal law, just as the prior state law claim for unjust enrichment was. While Plaintiff indeed has introduced in the FAC various

cumulative or irrelevant facts (and made unfounded allegations as to Scribd's "admissions"[1]), he has still failed to state sufficient facts or claims on which relief may be granted, and more to the point *cannot* do so.

## II.     ARGUMENT

### A.     The FAC's Allegations As to All the Copyright Claims Remain Fatally Defective.

While Plaintiff clarifies in the FAC his rights to enforce certain copyrights issued in his publisher's name, the facts are still that Plaintiff (1) failed to specifically allege that certain copyrights were infringed (most likely because they were not); (2) failed to allege that he notified Scribd of certain alleged infringements (most likely because he did not); and (3) failed to allege the specific time frames within which Scribd removed the allegedly infringing works after notification (most likely because Scribd's expeditious removals are lethal to Plaintiff's claims). Thus, Plaintiff continues to omit or obscure the facts that would clearly show he has no claims against Scribd as a matter of law. He also fails satisfactorily to address the "safe harbor" protection for Scribd, or the preemption of the state law claim for right of publicity.

The following chart identifies and shows the treatment of each of the copyrights alleged in the FAC:

| *Title of Work* | *Registration No.* | *Notification of Infringement* | *Removed by Scribd* |
|---|---|---|---|
| Long-Term Secrets to Short-Term Trading | TX4945747 | 1. 3/24/09 (H)[2]<br>2. 5/12/09 (M) | 1. 3/25/09 (H)<br>2. 5/12/09 (M) |
| The Right Stock at the Right Time/10 Year Pattern in the U.S. Stock Market (Chapter 1) | TX5814735 | 1. 3/24/09 (H)<br>2. 8/17/09 (O)<br>3. 8/26/09 (P) | 1. 3/25/09 (H)<br>2. 8/17/09 (O)<br>3. 8/26/09 (P) |

---

[1] Not to mention the insertion of unfounded allegations as to Scribd's admissions; e.g., that "Scribd admits it regularly and systematically infringes copyrighted works such as those of Plaintiff." FAC ¶ 15. Scribd has not made and does not make any such admission.

[2] The parenthetical letters refer to the Exhibits attached to the Declaration of George Consagra in Support of Defendant Scribd, Inc.'s Motion to Dismiss Complaint ("Consagra Decl.") attached to the Motion to Dismiss; for example "(H)" stands for Exhibit H to the Consagra Decl.

| *Title of Work* | *Registration No.* | *Notification of Infringement* | *Removed by Scribd* |
|---|---|---|---|
| The Secret of Selecting Stocks for Immediate and Substantial Gains/My Million Dollar Stock Market Concept (Chapter 1) | TX1788404 | 1. 3/30/09 (I)<br>2. 3/31/09 (J)<br>3. 4/1/09 (K)<br>4. 5/12/09 (M)<br>5. 5/15/09 (N) | 1. 3/30/09 (I)<br>2. 3/31/09 (J)<br>3. 4/1/09 (K)<br>4. 5/12/09 (M)<br>5. 5/15/09 (N) |
| Larry Williams Forecast 2009/Casting Stones, The Fate of Our Future | TX6902069 | 1. 3/13/09 (G) | 1. 3/13/09 (G) |
| A Classic Larry Williams Trading Pattern | No registration number provided | **No notification**, allegedly uploaded by Defendant GalaxiaMia (FAC ¶¶ 38, 47) | |
| The False Break Buy & Sell Pattern | No registration number provided | **No notification**, allegedly uploaded by Defendant GalaxiaMia (FAC ¶¶ 38, 47) | |
| How to Trade Better | No registration number provided | **No notification**, allegedly uploaded by Defendant GalaxiaMia (FAC ¶¶ 38, 47) | |
| Larry Williams Inner Circle Workshops/Inner Circle Workshop Notes | TX6919354 | **No notification**, allegedly "distributed" (FAC ¶¶ 38, 47) | |
| Secrets of the COT Report | TX0006254327 | **No notification**, and no clear indication whether this title or portions thereof were uploaded | |
| How I Made One Million Dollars Last Year Trading Commodities | TX0000350660 | **No notification**, and no clear indication whether this title or portions thereof were uploaded | |
| Day Trade Futures Online by Larry Williams/<br>Day Trade Futures Online | TX5236386/<br>TX0005236386 | **No notification**, and no clear indication whether this title or portions thereof were uploaded | |
| Definitive Guide to Futures Trading | TX0003120961 | **No notification**, and no clear indication whether this title or portions thereof were uploaded | |
| Definitive Guide to Futures Trading: Volume II | TX0003138435 | **No notification**, and no clear indication whether this title or portions thereof were uploaded | |

| Title of Work | Registration No. | Notification of Infringement | Removed by Scribd |
|---|---|---|---|
| Oops! And Scoops! Trading Method | TX0002271277 | **No notification**, and no clear indication whether this title or portions thereof were uploaded | |
| Presenting Larry R. Williams, "Jason" Commodity Trading Method | TX0002271276 | **No notification**, and no clear indication whether this title or portions thereof were uploaded | |
| Winning Futures Trading Strategy | TX0003121166 | **No notification**, and no clear indication whether this title or portions thereof were uploaded | |

In contrast to this chart, the FAC is unclear and confusing, and does not (and, see below, cannot) make the necessary allegations or provide the necessary information as to the alleged copyrights. In effect, Plaintiff has placed the burden on Defendants to do his own work in sorting out his claims, if any. For example, Plaintiff still lists duplicate works as separate ("Day Trade Futures Online by Larry Williams," and "Day Trade Futures Online," Registrations Nos. TX5236386 and TX0005236386 --i.e., the same number, but in the second instance preceded by three zeros). FAC ¶ 8. Other allegations are simply undocumented and facially contradictory. For example, the FAC states that "[o]n or about May 7, 2009, Plaintiff discovered that this work ["The Right Stock at the Right Time"] was again uploaded, translated into the derivative work and republished in Scribd's document 7100437." FAC ¶ 35. Just one paragraph later, however, the FAC identifies that same document 7100437 to be "Long Term Secrets to Short Term Trading," an unrelated work with a separate copyright registration number. FAC ¶ 36.

In addition, instead of noting the date on which Plaintiff sent *notification* to Scribd (if any were sent), the FAC instead alleges the dates that Plaintiff "discovered" the alleged infringements. But the copyright holder's "discovery" is irrelevant; what matters is the notification, and whether Scribd then timely removed the accused material.[3]

---

[3] *See*, *e.g.*, FAC ¶ 34 (Plaintiff discovered seven allegedly infringing copies of a work on May 7, 2009, but provided no notification until May 12, 2009, and Scribd then removed them the same day. Exhibit M to the Declaration of George Consagra in Support of Defendant Scribd, Inc.'s Motion to Dismiss Complaint ("Consagra Decl.") attached to the Motion to Dismiss).

**B.     The FAC Alleges Essentially the Same, Insufficient Facts for the First Claim for (Direct) Copyright Infringement.**

Plaintiff's allegations of direct copyright infringement have not substantially changed from the Complaint to the FAC, as shown by the chart below.

| FAC ¶ | Complaint ¶ |
|---|---|
| 37 | 21 |
| 38 | 22, 23 |
| 39 | 26 |
| 40 | see below |
| 41 | 27, 28 |
| 42 | 31 |
| 43 | 32 |
| 44 | 33 |
| 45 | 34 |

Scribd addressed the deficiencies of the direct copyright infringement claim in its Motion to Dismiss. Motion to Dismiss 11:8-12:13. While Plaintiff has now provided evidence that Wiley & Sons authorized Plaintiff to pursue a copyright claim on its, Wiley's, behalf, this does not change the fact that Scribd is still protected by the DMCA "safe harbor," as *all allegedly infringing works were removed within 24 hours of notification.*

The only additional allegation for the direct copyright claim in the FAC is that different information regarding Scribd's designated copyright agent was allegedly listed on the Copyright Office than on Scribd's own website, but "[t]he Copyright Act requires the same information to be on file at the Copyright Office." FAC ¶¶ 39-40. But this is completely irrelevant, even if it were true. The DMCA requires only that a service provider seeking "safe harbor" record a designated agent with the Copyright Office, not that the information must be exactly the same as on that provider's website. 17 U.S.C. § 512(c)(2). In any case, this argument is misleading because Plaintiff fails to note that any discrepancy was due simply to Scribd's move of headquarters, and that information as to the designated copyright agent has been updated with

-5-

1  the Copyright Office from September 24, 2009 and shown consistently nline at

2  http://www.copyright.gov/onlinesp/agents/s/scribd.pdf.[4]  Liability for copyright infringement has

3  not yet been founded on changing your address.

4  In the allegations that actually matter, Plaintiff has not alleged any new relevant, material

5  facts regarding its copyright infringement claim—including any facts regarding the required

6  volitional conduct on the part of Scribd, as required by *CoStar Group, Inc. v. LoopNet, Inc.*, 373

7  F.3d 544, 551 (4th Cir. 2004); *Religious Tech. Cir. v. Netcom On-Line Commc'n Servs., Inc.*,

8  907 F.Supp. 1361, 1370 (N.D.Cal. 1995); *Perfect 10, Inc. v. Cybernet Ventures, Inc.*,

9  213 F.Supp.2d 1146, 1168 (C.D.Cal. 2002).

### C. The FAC Alleges Essentially the Same, Insufficient Facts for the Second Claim for Contributory Copyright Infringement.

The allegations of contributory copyright infringement again have not substantially changed from the Complaint to the FAC, except that contributory copyright infringement is now a separate claim and integrates facts previously alleged under the "conspiracy to commit copyright infringement" claim, which was eliminated from the FAC.  Again, a comparison chart:

| FAC ¶ | Complaint ¶ |
|---|---|
| 46 | 21 |
| 47 | 22, 23 |
| 48 | 24 |
| 49 | 30 |
| 50 | 36 |
| 51 | 37 |
| 52 | see below |
| 53 | 39 |

---

[4] Courts may take judicial notice of matters of public record, such as filings with the Copyright Office.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Kuoha v. Equifirst Corp.*, 2009 U.S. Dist. LEXIS 94699n1 (S.D.Cal. Oct. 7, 2009) (stating that "on a motion to dismiss, a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment"); *Britz Fertilizers, Inc. v. Bayer Corp.*, 2009 U.S. Dist. LEXIS 96693 at *88-89 (E.D.Cal. Oct. 16, 2009); *AMCAL Gen. Contrs., Inc. v. Co.*, 2009 U.S. Dist. LEXIS 97111 at *7-8 (C.D.Cal. Oct. 20, 2009).

-6-

| FAC ¶ | Complaint ¶ |
|---|---|
| 54 | 31 |
| 55 | 32 |
| 56 | 34 |

Scribd addressed the deficiencies of the contributory copyright infringement claim in its Motion to Dismiss. Motion to Dismiss 12:16-13:21. As discussed there, Plaintiff must show Scribd's <u>actual knowledge</u> of, and <u>material assistance</u> with respect to, specific acts of direct infringement. *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1020-21 (9th Cir. 2001), *aff'd after remand*, 284 F.3d 1091 (9th Cir. 2002). Instead, the allegations of the FAC and evidence still show the opposite—that once Scribd was notified of any allegedly infringing works that would constitute actual knowledge, Scribd removed them, assisting the <u>Plaintiff </u>rather than any alleged infringers. FAC ¶ 27.

There are two additional allegations in the contributory copyright claim: (1) Scribd CEO Trip Adler was listed as a "friend" on the Scribd.com website of Defendant GalaxiaMia, who uploaded allegedly infringing works; this was originally alleged in the Complaint under the conspiracy claim; (2) Scribd.com, by virtue of converting uploaded documents into an "iPaper" format, creates a derivative work. FAC ¶¶ 50-53. These additions are unavailing, however.

First, that the Scribd CEO and an alleged upload infringer were "friends" on Scribd.com is insufficient to show actual or constructive knowledge of specific instances of infringing activity—and facts that would show such knowledge are <u>not</u> alleged.

Second, Plaintiff alleges that Scribd automatically converted user-submitted content to the "iPaper" format that is readily accessible to its users, but also alleges that the resulting work is ***virtually identical*** in content to what the user submitted. FAC ¶¶ 12, 26. Virtually identical works cannot be described as "derivative" works. *Entm't Research Group v. Genesis Creative Group*, 122 F.3d 1211, 1220 (9th Cir. 1997); *Gaiman v. McFarlane*, 360 F.3d 644, 661 (7th Cir. 2004).

Further, to the extent that Plaintiff is trying to prove that the automatic act of conversion

-7-

1  would deprive Scribd "safe harbor" under the DMCA, he cannot succeed, the Court in *Io Group,*

2  *Inc. v. Veoh Networks, Inc.*, 586 F.Supp.2d 1132, 1147-48 (N.D.Cal. 2008), clearly stated that "a

3  system whereby software automatically processes user-submitted content and recasts it in a

4  format that is readily accessible to its users" would not constitute active participation on the part

5  of the service provider and would not deprive the service provider of the protection of the

6  DMCA safe harbor.  It thus adds nothing to Plaintiff's claims that the conversion may take place,

7  or whether the converted work is or is not "derivative."

8      **D.**  **The FAC Alleges Essentially the Same, Insufficient Facts for the Third Claim for Vicarious Copyright Infringement.**

9

10  Plaintiff's allegations of contributory copyright infringement have not substantially

11  changed from the Complaint to the FAC.  Again, here is a comparison chart:

| FAC ¶ | Complaint ¶ |
|---|---|
| 57 | 21 |
| 58 | 28, 30 |
| 59 | 29 |
| 60 | 31 |
| 61 | 32 |
| 62 | 33 |
| 63 | 34 |

20  Scribd addressed the deficiencies of the vicarious copyright infringement claim in its

21  Motion to Dismiss, at 13:23-15:25.  The only added fact that Plaintiff provides in the FAC is that

22  he defines (what he means by) "direct financial benefit;" but the gist of the allegation is

23  unchanged:  "Defendant Scribd profited from the display and infringement of Plaintiff's works

24  by inducing many thousands of viewers to its website to read, download[] and/or view Plaintiff's

25  works.  Scribd's direct economic benefit came from its ability to advertise and 'monetize' the

26  derivative works in iPaper which were reproductions of Plaintiff's works."  FAC ¶ 58.  But

27  Plaintiff earlier alleges in the FAC that Scribd has acquired technology (a special Google API) so

28  that Scribd ***can*** carry display ads inside of iPaper documents, and even quotes Scribd as saying,

-8-
SCRIBD, INC.'S REPLY MEMO IN SUPPORT OF 12(B)(6) MOTION TO DISMISS COMPLAINT
CASE NO. 09-CV-1836-LAB-WMC

1   "There's a ton of documents *that are not being monetized*. **Ultimately we want to monetize** the
2   hundreds of millions of PDFs and other kinds of documents on the web."  FAC ¶ 17 (emphasis
3   added).  So, while Plaintiff apparently has alleged that Scribd has developed the *capability* of
4   "monetizing" certain documents, there is no allegation that Scribd is actually currently exercising
5   that capability, nor that Plaintiff's works were ever monetized by Scribd.  Plaintiff's logic
6   apparently is that liability should be imposed because something "bad" *might* happen.

7   In addition, in his Opposition, Plaintiff cites solely to *A&M Records, Inc.*, *supra*, 239
8   F.3d at 1023, for the proposition that a direct financial benefit exists "when the website merely
9   drew in more subscribers with the infringing material."  However, the *A&M Records* case
10  addressed the infringing activities of *Napster*, a company that has been specifically distinguished
11  from service providers such as Scribd because it, Napster, provided *only* infringing material.  *Io
12  Group, Inc.*, *supra*, 586 F.Supp.2d at 1153 (N.D.Cal. 2008).  Therefore, of course infringing
13  material constituted a "draw" constituting direct financial benefit to Napster—that in fact was its
14  core purpose and *raison d'etre*.  There is no such showing here with Scribd.  In any case,
15  Plaintiff's allegations regarding any alleged "direct financial benefit" are not relevant to the
16  discussion unless Scribd had the right and ability to supervise the infringing activity, *and* refused
17  to exercise that right and ability.  *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S.
18  913, 930 (2005); *Io Group, Inc.*, *supra*, 586 F.Supp.2d at 1150.  As explained in *Io*, the right and
19  ability to supervise and control applies to the right and ability to supervise and control *the
20  infringing activity*, not supervise and control <u>the provider's *own system*</u>.  *Io Group, Inc.*, *supra*,
21  586 F.Supp.2d at 1151.[5]

22  As Plaintiff still fails to allege any facts in the FAC regarding Scribd's right and ability to
23  control infringing activities beyond some of the same facts as in the *Io Group* case, as a matter of

---

[5] In *Io*, the defendant Veoh operated a closed system network requiring user registration, maintained a central index of video files on its servers, reserved the right to terminate user accounts for any reason, had the ability to remove infringing material from its website, had the ability to disable access to such material on its users' hard drives (assuming their computers are still connected to the Internet), created Flash and still-image files from uploaded material and indexed those files, had the ability to feature certain videos on portions of its website, and required users to grant Veoh the irrevocable and perpetual right to distribute submitted material freely on its website, the court still found that <u>Veoh had no right and ability to control infringing material</u>.  *Id.* at 1152-54.

law Scribd cannot be liable for vicarious copyright infringement.  Scribd's argument in its Motion to Dismiss therefore stands.

### E. Scribd is Protected by the DMCA "Safe Harbor."

A service provider who complies with the DMCA <u>cannot</u> be liable for direct, contributory, or vicarious copyright infringement.  *See* 17 U.S.C. § 512.  It is of no import that Plaintiff split the one copyright infringement claim in the Complaint into three in the FAC.  As stated in the Motion to Dismiss, Scribd qualifies for the safe harbor protection, and Plaintiff provided no facts in the FAC to contradict Scribd's qualification.

Whether a defendant qualifies for the safe harbor is properly resolved on a motion to dismiss.  *See*, *e.g.*, *Brave New Films 501(C)(4)v. Weiner*, 626 F.Supp.2d 1013, 1018 (N.D.Cal. 2009) (defendant talk show host's safe harbor claim denied on a 12(b)(6) motion, because defendant defendant was not a "service provider"); *Goddard v. Google, Inc.*, 2009 U.S. Dist. LEXIS 67203n5 (N.D.Cal. July 30, 2009) (affirmative defenses can be grounds for a Rule 12(b)(6) dismissal if the defense is apparent from the complaint); *Parker v. Google, Inc.*, 422 F.Supp.2d 492, 497n3 (E.D.Pa. 2006) (implying that the court would have otherwise reached the safe harbor issue if the court found that plaintiff sufficiently pled direct copyright infringement); *Newborn v. Yahoo!, Inc.*, 391 F.Supp.2d 181, 189 (D.D.C. 2005) (same).

For this and the reasons given above, all three copyright infringement claims should be dismissed with prejudice.

### F. Plaintiff Does Not Dispute That the Fourth Claim For Misappropriation of Right of Publicity is Preempted By Section 230 of the Communications Decency Act, But Only That It is Not Preempted by the Copyright Act.

Plaintiff asserts in his Opposition that "the Copyright Act does not preempt the Plaintiff's claim…. The Copyright Act does not address misuse of another's image and cannot preempt such claims." Opposition 3:8-12.  However, the argument on the Motion to Dismiss was that the misappropriation of right of publicity claim is preempted by *not the Copyright Act*, but rather the Cox-Wyden Amendment to the Communications Decency Act ("CDA"), 47 U.S.C. § 230(c).  This preemption cannot be cured by amendment.

### G. **Plaintiff Does Not Dispute the Authenticity of the Exhibits to the Motion to Dismiss.**

As argued in the Motion to Dismiss and not contradicted by Plaintiff, the Court can consider declarations and exhibits outside the Complaint on a Rule 12(b)(6) motion.[6] Certain documents, such as the correspondences and responses alleged in the Complaint (and FAC) are admissible because the Complaint (and the FAC) rely on the documents, and the documents form the basis of the claim(s).  *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Kuoha v. Equifirst Corp.*, 2009 U.S. Dist. LEXIS 94699n1 (S.D.Cal. Oct. 7, 2009) ("on a motion to dismiss, a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment"); *Britz Fertilizers, Inc. v. Bayer Corp.*, 2009 U.S. Dist. LEXIS 96693 at *88-89 (E.D.Cal. Oct. 16, 2009); *AMCAL Gen. Contrs., Inc. v. Co.*, 2009 U.S. Dist. LEXIS 97111 at *7-8 (C.D.Cal. Oct. 20, 2009).  Plaintiff has not and cannot dispute the authenticity of the documents, which show that Scribd has made every effort to expeditiously respond to any correspondences alleging specific infringing activity.

### III.   CONCLUSION

For the reasons set forth above, this Court should dismiss with prejudice Plaintiff's Complaint and FAC in their entirety.  The defects in these claims cannot be cured.

Dated:  February 13, 2010                                   Respectfully submitted,

                                                                                 GORDON & REES LLP


                                                                         by  /s/Richard P. Sybert/
                                                                                 Richard P. Sybert
                                                                                 Yuo-Fong C. Amato
                                                                                 Attorneys for Defendant
                                                                                 SCRIBD, INC.

---

[6] However, even if this Court chooses not to consider such material, Plaintiff cannot cure the deficiencies of his allegations through amendment.