# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAMS,<br><br>                              Plaintiff,<br>  vs.<br><br>SCRIBD, INC., a corporation; et al.,<br><br>                            Defendants. | CASE NO. 09cv1836-LAB (WMc)<br><br>**ORDER GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT** |

On February 5, 2010, Plaintiff filed a first amended complaint more than 21 days after Defendants moved to dismiss, in violation of Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. The Court ordered Plaintiff to either obtain the consent of Defendants to amend the complaint, or else show good cause why leave to amend should be granted.

Plaintiff's counsel responded to the order to show cause on February 10, 2010, explaining that he didn't know Rule 15 had been changed. Under the previous version of the Rule, in effect up until December 1, 2009, a plaintiff could amend a complaint before being served with a responsive pleading. Under the new Rule, a complaint has to be amended within 21 days after serving it or 21 days after the service of either a responsive pleading or a 12(b)(6) motion.

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." "This policy is to be applied with extreme liberality."

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) (implying leave to amend should be granted in the absence of undue delay, bad faith or dilatory motive, or undue prejudice to the opposing party or futility of amendment). While the Court expects lawyers to stay current with the Federal Rules of Civil Procedure, it will **GRANT** Plaintiff leave to amend in this instance. Plaintiff's counsel wasn't asleep at the wheel; in fact, he was simply unaware of the change to Rule 15 and was relying – diligently, it appears – on a reputable practice guide that had not incorporated the change. The revision to Rule 15 is rather recent and has tripped up a number of lawyers who practice primarily in state court. The ability of a plaintiff to plead his case shouldn't suffer because of that.

Now the question is how to handle Scribd's pending motion to dismiss. Scribd may either withdraw it and obtain a new hearing date for a new motion to dismiss, or else explain in its reply brief why the amended complaint doesn't survive the motion to dismiss on file. If Scribd opts for the latter option, Plaintiff will be allowed a sur-reply to explain why his amended complaint should not be dismissed, and that will be due on Monday, February 22. That is obviously the date on which oral argument is scheduled, but this presents no conflict because the hearing will almost certainly be vacated and the motion taken under submission on the papers.

**IT IS SO ORDERED**.

DATED: February 12, 2010

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge