Kurt W. Hallock, CSB #131893
*LAW OFFICE OF KURT W. HALLOCK*
110 West C Street, Suite 1905
San Diego, California  92101
kwhallock@hallocktriallaw.com
Telephone:  (619) 615-0726
Facsimile  :  (619) 615-0728

Attorney for Plaintiff Larry Williams

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| LARRY WILLIAMS<br><br>     Plaintiff,<br><br>     -v-<br><br>SCRIBD, INC, a corporation; GalaxiaMia sued As DOE 1; api_user_11797_malvik  as Doe 2; alukmanto as Doe 3; api_user_11797_ NEBOJSAJE as Doe 4; mikaj  as Doe 5; Srikanthbnm sued as Doe 6; api_user_11797_ Sathis sued as Doe 7; api_user_11797_ tevado... sued as Doe 8; api_user_11797_ ingrid...sued as Doe 9; and Does 10 to 40 are upload infringers to be named;<br>     Defendants. | CASE NO.  09-CV-1836-LAB-WMc<br><br>PLAINTIFF LARRY WILLIAMS' "SUR-REPLY" TO DEFENDANT SCRIBD, INC.'S RULE 12(b)(6) MOTION TO DISMISS<br><br>Date: February 22, 2010<br>Time: 11:15 a.m.<br>Dept:  9<br>Judicial Officer: Hon. Larry A. Burns |

Plaintiff LARRY WILLIAMS respectfully submits the following memorandum in support of his Sur-reply to Defendant SCRIBD, INC.'s motion to dismiss Mr. WILLIAMS' First Amended Complaint ("FAC") pursuant to Rule 12(b)(6):

/ / / /

/ / / /

---

1

PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S RULE 12(b) MOTION TO DISMISS

# TABLE OF CONTENTS

I.   INTRODUCTION ………………………………………………………….. 4

II.   STANDARD FOR MOTION TO DISMISS PURSUANT O RULE 12(b)(6)…. 5

III.   MR. WILLIAMS' FAC SURVIVES THE MOTION TO DISMISS ……… 6

    A. Direct Copyright Infringement …………………………. 8

    B. Contributory Copyright Infringement ……………… 9

    C. Vicarious Copyright Infringement …………………………… 10

    D. Misappropriation of Identity …………11

    E. Request for Leave to Amend and Discovery …………12

IV. DMCA "SAFE HARBOR" IS NOT ESTABLISHED AS A MATTER OF LAW ..12

V.   SCRIBD JUDICIALLY ADMITTED DISCOVERY IS APPROPRIATE ON ITS DEFENSES IN A SIMILAR, IF NOT, RELATED MATTER …………14

VI. SUMMARY JUDGMENT IS NOT APPROPRIATE …………15

VII. CONCLUSION …………………………………………………………….. 16

PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S RULE 12(b) MOTION TO DISMISS

# TABLE OF AUTHORITIES

**STATUTES** page

17 U.S.C. § 512 . . . . . . . . . . . . . . . . 4, 5, 12

Communications Decency Act, 47 U.S.C. § 230

Federal Rule of Civil Procedure 12 . . . . . . . . . . . . . . . . 4, 5, 6, 15

Federal Rule of Civil Procedure 56 . . . . . . . . . . . . . . . . 15

California Civil Code Section 3344 . . . . . . . . . . . . . . . . 12

**CASES CITED**

*Allison v. California Adult Authority* (9th Cir. 1969) 419 F. 2d 822 . . . . . . . . . . 6

*A&M Records, Inc. v. Napster, Inc.* (9th Cir. 2001) 239 F.3d 1004, 1020. . . . . . . . . . . 10

*Bell Atlantic Crop v. Twombly* (2007) 550 U.S. 544 . . . . . . . 6

*Costar Group Inc. v. Loopnet, Inc.* (2001) 164 F.Supp.2d 688 . . . . . . . . . . . . 11

*Gay v. Wall*, (1985) 761 F.2d 175 . . . . . . . 15

*Grosso v. Miramax Film Crop.* (9th 2004) 383 F.2d 965 . . . . . . . . . . . . 11

*Ellison v. Robertson* (9th Cir. 2004) 357 F. 3d 1072 . . . . . . . . 5, 9, 13

*Io Group, Inc.* (N.D.Cal 2008) 586 F.Supp.2d at 1153 . . . . . . . . . . 10

*Johnson v. RAC Corporation*, (1974) 419 F.2d 510 . . . . . . . . . . . . 15

*Kodadek v. MTV Networks, Inc.* (9th Cir. 1998) 152 F.3d 1209 . . . . . . . . . . . . 11

*Leatherman v. Tarrant County Narcotics Intell. & Coord'n Unit* (1993) 507 U.S. 163 . . . . 5

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, ltd.* (2005) 545 U.S. 913 . . . . . . . . . . 9

*Nietzke v. Williams* (1989) 490 U.S. 319 . . . . . . . 5

*Pareto v. F.D.I.C.* (9th Cir. 1998) 139 F. 3d 696 . . . . . . . . 5

*Religious Technology Center v. Netcom On-Line Communication Services, Inc.*,
    (N.D. Cal. 1995) 907 F. Supp. 1361 . . . . . . 8

*Smith's Estate v. Tarrant County Hosp. Dist.* (1982( 691 F.2d 207 (1982) . . . . . . 15

**AUTHORITATIVE WORKS**

*Copyright Law, A Practitioner's Guide,* Keller/Cunard, P.L.I. (2009) . . . . . . . . . . . . 5

PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S RULE 12(b) MOTION TO DISMISS

**I. INTRODUCTION.** Defendant Scribd asserts in its Reply that Mr. WILLIAMS fails to state any viable claim for relief in his FAC and request that all claims for relief be dismissed with prejudice. Defendant SCRIBD goes on to state that its inclusion of declarations and exhibits in its motion to dismiss "does not convert a Rule 12(b)(6) motion to one for summary judgment motion." (Reply, P&As, p. 11.)

The court authorized this Sur-reply in its Order granting leave to file Mr. WILLIAMS' FAC on February 12, 2010. Scribd was given the opportunity to "explain in its reply brief why the amended complaint doesn't survive the motion to dismiss on file." Mr. WILLIAMS was "allowed a sur-reply to explain why his amended complaint should not be dismissed."

This is a Rule 12(b)(b) motion to dismiss and has not and should not be converted into a summary judgment motion at this early stage of the litigation.

Mr. WILLIAMS' FAC survives the motion to dismiss because the allegations, and the reasonable inferences therefrom, support the claims for relief asserted.

The crux of SCRIBD's motion to dismiss and argument is that it is an ISP provider entitled to the protections of the DMCA which out any examination of whether SCRIBD qualifies as an ISP pursuant to 17 U.S.C § 512. This is specifically placed at issue in Mr. WILLIAMS' FAC at ¶¶s 10, 24, 29. SCRIBD did not take down Mr. WILLIAMS' works in an expeditious manner. Mr. WILLIAMS' first request was ignored as SCRIBD required a fully compliant DMCA notice to assist SCRIBD in its future (and current) claims that it is – as a matter of law – an ISP covered by the "safe harbor" of Section 512.

If SCRIBD receives a direct financial benefit from the infringing activity, then SCRIBD is not protected by the "safe harbor" defense. This at issue and alleged in this matter. FAC, ¶24.

SCRIBD acknowledges that it can filter the content on its library site. FAC, ¶ 10, Ex. B. SCRIBD claims it has done so. FAC, ¶10. In fact, SCRIBD had not done so. Mr. WILLIAMS' works were removed from one place only to pop up again in others (and in were in others places for many months prior to being taken down).

4

SCRIBD does not charge for its "library" and "publication" service.

SCRIBD attempts to require Mr. WILLIAMS to prove that SCRIBD is not entitled to the defense. The burden is on SCRIBD to establish that it is entitled to the affirmative defense "safe harbor" and which portions of 17 USC 512 SCRIBD asserts it meets the elements of the affirmative defense and qualifies as an ISP. The issue of whether or not the DMCA is available is a triable issue of material fact. See, *Ellison v. Robertson* (9th Cir. 2004) 357 F. 3d 1072.

Copyright's future online has been described as "a battle of fundamentals between diametrically opposed views of the online world: a libertarian perspective whose battle cry is 'information wants to be free,' on the one hand, and, on the other, a traditional perspective that seeks to apply established copyrights rules to protect copyright owners' legitimate interests . . . the courts on the whole have given a rude reception to the cyber-liberation ideal." *Copyright Law, A Practitioner's Guide*, Keller/Cunard, P.L.I. (2009), at p. 14-102.

Defendant SCRIBD takes the battle cry one step further and attempts to profit from a vast library of copyrighted works which have been wrongfully liberated from their print form to an iPaper electronic form for the world to read and download.

**II. STANDARD FOR MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

In reviewing a Rule 12b)(6) motion, the trial court must accept as true all material allegations in the FAC, as well as reasonable inferences to be drawn from those allegations. *Pareto v. F.D.I.C.* (9th Cir. 1998) 139 F. 3d 696, 699; see also *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit* (1993) 507 U.S. 163, 164.

Mr. WILLIAMS adequately and thoroughly pleads facts to support each element of each claim for relief and pleads the facts to support that SCRIBD is not protected by the DMCA's safe harbors, e.g. "direct financial benefit" of the infringing activity.

The sole issue raised in SCRIBD's Rule 12(b) (6) motion is whether the facts pleaded would, if established, support a valid claim for relief – no matter how improbable the facts alleged are, they must be accepted as true for purposes of the motion. *Nietzke v. Williams*

5

PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S RULE 12(b) MOTION TO DISMISS

(1989) 490 U.S. 319, 328-329.  Mr. WILLIAMS alleges no facts which are "unlikely".  Facts are alleged that several of Mr. WILLIAMS' works were displayed numerous times in SCRIBD's library **even after** being taken down several times pursuant to Mr. WILLIAMS' demands to do so. FAC, ¶34.  One work was displayed from October of 2009 until January of 2010 and was taken down without Mr. WILLIAMS request. FAC, ¶ 35, 52.  This demonstrates control, e.g. the right and ability to supervise, **and** the failure to do so.

Problems of proof and stretched credulity are also not at issue in this motion to dismiss. In *Allison v. California Adult Authority* (9th Cir. 1969) 419 F. 2d 822, 823, Mr. WILLIAMS' allegations were that certain state parole board members had physically abuse the Plaintiff.  It was fairly obvious that the Plaintiff had never met these named defendants, but the Rule 12(b)(6) motion was denied.

Mr. WILLIAMS' FAC is also not a complaint which contains "mere labels and conclusions". There is enough factual matter alleged to "suggest" the elements of the claim. Thus contrary to  the holding in *Bell Atlantic Crop v. Twombly*, 550 U.S. 544, 556 (2007), SCRIBD is fully apprised of the facts and contentions that constitute the elements of each claim for relief.

### III.     MR. WILLIAMS' FAC SURVIVES THE MOTION TO DISMISS.

The following chart reflects a few of the substantial factual allegations in the FAC which support Mr. WILLIAMS' claims for relief:

| Issue | Facts In Support | Paragraph |
|---|---|---|
| Defendant acted with volition to infringe on Mr. WILLIAMS's copyrights | CEO subscribed to Galaxiamia's Scribd account | ¶19; ¶ 50; ¶ 53 |
| Defendant had knowledge that direct infringement occurred on their website | Defendant addresses possible copyright infringement on their website | P's Exhibit B; P's Exhibit D; P's Exhibit E<br>¶ 16; ¶ 25; ¶ 39 |
| | CEO subscribed to an infringer's | ¶19, ¶ 50 |

| | | Scribd account | |
| | | Mr. WILLIAMS sent several take down notices to Scribd | ¶24 |
| | Defendant materially contributed to the infringement | CEO's public subscription to Galaxiamia sanctioned his infringing activities | ¶ 51; ¶ 52; ¶ 53 |
| | | Once the infringing work was removed, links appeared directing users to Mr. WILLIAMSs other copyright works. | ¶24, ¶ 25 |
| | | Scribd refused to remove all the infringing material, leaving Mr. WILLIAMS's other works available for infringement later. | ¶ 27 |
| | | Scribd made it unnecessarily hard to remove infringing works. | ¶ 24; ¶ 27; ¶ 32; ¶ 34; ¶ 35 |
| | Scribd receives a direct financial benefit from the infringing work. | Scribd has ads on its website that generate revenue as more people visit their website. | ¶ 17 |
| | Scribd had an ability to supervise and control the infringing activity, but did not do so | A link appeared after material was removed directing users to more infringing works. | ¶ 25 |
| | | CEO's subscription to Galaxiamia's profile shows that Scribd knew of and failed to do anything about infringing activities. | ¶ 51; ¶ 52 |
| | | Scribd actively made it | P's Exhibit F ¶ 25; ¶ 27; ¶ 32; |

7

PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S RULE 12(b) MOTION TO DISMISS

| | | |
|---|---|---|
| | unnecessarily difficult to remove infringing activities. | ¶ 34; ¶ 35 |
| Scribd is not an internet service provider | Scribd provides library like services, going beyond mere indexing of user uploaded material. | P's Exhibit C |
| Scribd creates a derivate work when it turns documents into ipaper. | Ipaper is in a different format and has different capabilities than the original document. | P's Exhibit C ¶ 20, ¶ 26; |
| The misappropriation of Identity claim is not preempted | No federal law preempts claims based on copyright infringements, not state law actions based on the use of another's image. | |
| | Scribd used Mr. Williams' image to attract viewers to its website independently of the infringement. | ¶ 57; ¶ 58; ¶65: ¶66. |

**A. Direct Copyright Infringement**

Mr. WILLIAMS' FAC alleges elements of volition or causation. Where a Defendant's product is merely used to copy copyright material, this volition element is not met. *Religious Technology Center v. Netcom On-Line Communication Services, Inc.*, 907 F.Supp 1361, 1370 (N.D. Cal. 1995).

However, Mr. WILLIAMS does allege more than mere use of SCRIBDs' products. Scribd user Galaxia Mia listed as his only friend, Scribd CEO Trip Adler. FAC, ¶ ¶s19, 50, 51. In order to "friend" someone on Scribd's website, one must send a "friend request" and the other person must receive, read, and accept that request. Therefore, the CEO of Scribd must have been in communication with Galaxia Mia and was helping, approving of, and encouraging GalaxiaMia's infringing activities.

The *Ellison* court held that Congress did not rewrite copyright law for the on-line world when it adopted the DMCA; hence, claims against service providers for direct, contributory, or vicarious copyright infringement are evaluated just as they would be in the non-online world. *Ellison*, 357 F. 3d 1077.

Harlan Ellison is a science fiction writer. He aggressively pursues copyright infringers and sued AOL as part of Ellison's case against the uploading infringer (Stephen Robertson) who posted some of Ellison's short stories on a peer-to-peer file sharing network, the USENET. AOL is an ISP who has subscription agreements and qualifies for protection under the DMCA. Yet, the *Ellison* court reversed the District Court's summary judgment motion on some of Mr. Ellison's claims. (A side note -- Mr. Ellison sued SCRIBD in <u>The Kilimanjaro Corp., et al v. Scribd.com</u>, 07-cv-07010 FMC(PJWx) in The Central District of California Court.)

SCRIBD has knowledge that there is rampant copyright infringement on its site. SCRIBD can control it, but will only do so after notice from copyright holders. At that point, SCRIBD attempts to get copyright holders to waive their copyrights against and acknowledge that SCRIBD is protected by the DMCA.

**B. Contributory Copyright Infringement.**

Defendant correctly states the elements for a contributory infringement claim. To prove contributory negligence, Mr. WILLIAMS must show 1) direct infringement, 2) Defendant's knowledge of such infringement, and 3) Defendant materially contributed to the infringement. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, ltd.*, 545 U.S. 913, 931 (2005).

Mr. WILLIAMS alleges facts sufficient to survive a motion to dismiss for each element of this claim. Defendant does not deny that direct infringement took place on their website. In fact, Defendant addresses copyright issues on their website under the "Legal" section. Clearly, Defendant knew of possible infringement. Mr. WILLIAMS also sent several notifications to Scribd asking that they take down the infringing works. These facts together show more than a mere possibility that Defendant knew of the infringing activity.

Finally, Mr. WILLIAMS believes that Scribd made material contributions to this infringing activity. As stated before, Scribd CEO Trip Adler was the sole "friend" of Galaxia Mia. As friends, Mr. Adler knew of Galaxia Mia's infringing activities and generally approved of such activities by continuing to be friends with Galaxia Mia. In addition, by publicly listing Galaxia Mia as his friend, Trip Adler sent a firm message to other downloaders that Galaxia Mia's activities were sanctioned by Scribd. Further, Scribd's attempts to "help" Mr. WILLIAMS by removing the infringing works were disingenuous at best. Scribd refused to take any action until the correct DMCA form was filled out. Then Scribd refused to remove all infringing works, instead Scribd only removed those works that appeared at the exact URL provided by Mr. WILLIAMS. When the works were removed, the page directed infringers to other URLs where they could download the same work. These procedures made it unnecessarily hard to remove infringing materials.

Scribd encouraged direct infringement by befriending the infringers, encouraging the direct infringers, and making it unnecessarily difficult to remove infringing materials. These facts are more than mere recitations of the elements of copyright infringement and show more than a plausible infringement.

**C. Vicarious Copyright Infringement.**

Scribd's argument that they receive no financial benefit from the infringing material is disingenuous at best. Scribd generates ad revenue from the ads on its website. The more visitors to its website, the more ad revenue it generates. Scribd knows of and encourages the uploading of infringing material in order to increase its' ad revenue. These facts alone satisfy the financial benefit prong. Scribd misstates the holding in *Io Group, Inc. v. Veoh Networks Inc.*. While the courts did distinguish Napster because its sole purpose was to encourage infringing activity for liability purposes, they did not hold that this distinction changed what constitutes an economic benefit. See, *A&M Records, Inc. v. Napster, Inc.,* (9th Cir. 2001) 239 F.3d 1004, 1020. See also, *Io Group, Inc.* 586 F.Supp.2d at 1153.

  Scribd is correct that the ability to supervise and control extends beyond the simple ability to block or remove infringing material. *Costar Group Inc. v. Loopnet, Inc.*, 164 F.Supp.2d 688, 704 (2001). However, Mr. WILLIAMS alleges much more than a mere ability to block infringing activities. As noted before, when infringing material was removed from Sribd's website, a link appeared where an infringer could find more of Mr. WILLIAMS' works. Further Trip Adler's friendship with Galaxia Mia shows that the CEO was in personal contact with direct infringers and still failed to do anything regarding the infringing materials.

  This case is distinguishable from the *Io Group* case because in that case, Veoh properly responded as well as they could to take down infringing material. In this case, Defendant refused to take down infringing material and allowed the same material to be uploaded moments later. Defendant merely pretended to comply with take down procedures while allowing repeat offenders to remain members of their website and allowing the material that had just been taken down to be uploaded back onto their website. These facts show that it is more than merely possible that Scribd knew of infringing material and failed to do anything; they show that Scribd likely knew of infringing material on their website and sanctioned it.

  **D. Misappropriation of Identity.**

  The misappropriation of Identity claim is not preempted. The Communications Decency Act 47 U.S.C. § 230 addresses copyright claims and not the use of an individual's identity. Defendants used Mr. WILLIAMS' image and his name to attract infringers to its website and thus, misappropriated his identity not his copyright claims.

  State cause of actions are preempted when 1) the rights asserted under the state law are equivalent to those protected by the Copyright Act and 2) the work in question must be within the subject matter of the copyright act. *Kodadek v. MTV Networks, Inc.* (9th Cir. 1998) 152 F.3d 1209, 1212. For a state claim to be outside the subject matter of the copyright act, it must allege an extra element that changes the nature of the action. *Grosso v. Miramax Film Crop*. (9th 2004) 383 F.2d 965.

PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S RULE 12(b) MOTION TO DISMISS

Mr. WILLIAMS' right of publicity arises from his forty-five (45) year as a commodities analyst and lecturer.  Although his recognition as an expert and sought-after authority also arises from his multitude of copyrighted works,  his name recognition, photograph and misuse by Defendant SCRIBD are not protected by the Copyright Act.  California's Civil Code Section 3344 provides for this protection. This State statutory right is not equivalent to the right protected under the Copyright Act.

### E. Request for Leave to Amend and Discovery

Should any portion of Mr. WILLIAMS' complaint be so vague and "misleading" that it cannot, when liberally construed,  be deemed to sufficiently state a claim upon which relief can be granted,  Mr. WILLIAMS respectfully requests leave to amend to clarify any such ambiguity or insufficiency.

Mr. WILLIAMS further requests the opportunity to conduct discovery in this matter in an attempt to discover further evidence to support the facts he asserts.  This is especially true should this court decide to consider the extraneous evidence which Defendant SCRIBD introduces in its attempt to convert this motion into a veiled summary judgment motion.

## IV. DMCA "SAFE HARBOR" IS NOT ESTABLISHED AS A MATTER OF LAW.

SCRIBD takes the position that its "safe harbor" protection is a question of law.  It is not.  There are several categories of "safe harbor" and SCRIBD could only claim that it is afforded protection pursuant Section 512(c) which states:

(c) Information Residing on Systems or Networks at Direction of Users.—
(1) In general.—A service provider shall not be liable for monetary relief, or, except as provided in subsection (j), for injunctive or other equitable relief, for infringement of copyright by reason of the storage at the direction of a user of material that resides on a system or network controlled or operated by or for the service provider, if the service provider—
  (A)(i) does not have actual knowledge that the material or an activity using the material on the system or network is infringing;
  (ii) in the absence of such actual knowledge, is not aware of facts or circumstances from which infringing activity is apparent; or
  (iii) upon obtaining such knowledge or awareness, acts expeditiously to remove, or disable access to, the material;
  (B) does not receive **a financial benefit directly attributable to the infringing activity**, in a case in which the service provider has the right and ability to control such activity; and
  (C) upon notification of claimed infringement as described in paragraph (3), responds

12

PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S RULE 12(b) MOTION TO DISMISS

expeditiously to remove, or disable access to, the material that is claimed to be infringing or to be the subject of infringing activity.
   (2) Designated agent.—The limitations on liability established in this subsection apply to a service provider only if the service provider has designated an agent to receive notifications of claimed infringement described in paragraph (3), by making available through its service, including on its website in a location accessible to the public, and by providing to the Copyright Office, substantially the following information:
   (A) the name, address, phone number, and electronic mail address of the agent.
   (B) other contact information which the Register of Copyrights may deem appropriate. The Register of Copyrights shall maintain a current directory of agents available o the public for inspection, including through the Internet, in both electronic and hard copy formats, and may require payment of a fee by service providers to cover the costs of maintaining the directory. (Emphasis added.)

   Mr. WILLIAMS alleges that SCRIBD has a "substantial and direct benefit", ¶ 12, 17; it "receives a direct financial benefit:, ¶24, 49; it receives a "direct economic benefit", ¶58. The FAC alleges that SCRIBD, in its own words, "monetizes" the electronic data. FAC, ¶17. Mr. WILLIAMS alleges that SCRIBD is not protected by the DMCA's safe harbor because it does not charge for its service and profits from the traffic to view the infringing materials. FAC, ¶¶s, 17, 26, 29, 49, 58.

   SCRIBD attempts to argue that it is not like Napster and should not be held to the standards set forth against Napster. Reply, P&As p. 9. One issue in this case is whether SCRIBD is a library of infringed, copyrighted works which SCRIBD uses for its substantial profits. Mr. WILLIAMS alleges that, in addition to his own copyrighted works, more than 15,000 works published by Wiley & Sons are present on the site. FAC, ¶ 13.

   In *Ellison*, the court stated that the "essential aspect of 'direct financial benefit inquiry is whether there is a causal relationship between the infringing activity and any financial benefit a defendant reaps, regardless of *how substantial* the benefit is in proportion to a defendant's overall profits." *Id*, 357 F. 3d at 1079 (emphasis in original). SCRIBD has no other known source of revenue other than that generated by the traffic to its site by infringing activity.

   Again, *Ellison* was the reversal of a summary judgment motion granted to AOL based on the DMCA defense. There is **no** substantial financial benefit requirement. It is any financial benefit.

Mr. WILLIAMS also alleges that SCRIBD had and/or has actual knowledge of infringing activity on its site. FAC, ¶¶s14, 15, 16.

Mr. WILLIAMS alleges not only that SCRIBD can control the infringing activities, but that it could have had and currently has a filter which prevents the uploading of Mr. WILLIAMS' copyrighted works. FAC, ¶¶s10, 24, Ex.B.

Mr. WILLIAMS alleges that SCRIBD was not expeditious in removing his works from SCRIBD'S library site.  The same works were discovered displayed on numerous occasions over ten (10) months time, e.g., FAC, ¶¶s 34, 35, 36, 52.

Mr. WILLIAMS alleges three reasons why Scribd does not comply with the DMCA and/or cannot avail itself to its protections. First, Defendant creates a derivative work when it transforms uploaded material into iPaper. Second, Scribd.com is a library, not an internet service provider. Finally, Scribd did not make good faith efforts to comply with take down procedures. Instead, they attempted to facially comply with takedown procedures while encouraging direct infringers.

The issues of the good faith of these efforts and SCRIBD's right to the defense are facts to be fleshed-out in discovery and is triable issue of material fact.

**V. SCRIBD JUDICIALLY ADMITTED DISCOVERY IS APPROPRIATE ON ITS DEFENSES IN A SIMILAR, IF NOT, RELATED MATTER**

SCRIBD's has answered the complaint and is proceeding with discovery on its DMCA affirmative defenses in 09-cv-3039-MH, *Scott v. Scribd, Inc.* (Exs. 1, 2, & 3 hereto.) The Scott complaint, filed several weeks after Mr. WILLIAMS' complaint, is alleged as a class action (Ex. 1).  SCRIBD answered on November 6, 2009 (Exhibit 2).  SCRIBD, in that matter with less egregious circumstances and facts than those alleged in Mr. WILLIAMS' FAC, has appropriately answered the complaint alleging its DMCA affirmative defense and is proceeding with discovery. (The Law Firm Gordon & Rees represents SCRIBD in this and in the Texas matter.)

PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S RULE 12(b) MOTION TO DISMISS

SCRIBD does not admit that the *Scott v. Scribd* matter is related to this action. The issue of SCRIBD's defenses are closely related.

## VI. SUMMARY JUDGMENT IS NOT APPROPRIATE

The extensive evidence lodged by SCRIBD coupled with the request for dismissal with prejudice would wrongfully act as a summary judgment motion. Mr. WILLIAMS is entitled to discovery on many issues such as the relationship between SCRIBD's CEO, Trip Adler, and one of the primary, repeat upload infringers "GalaxiaMia" and the full extent of SCRIBD's financial benefit from the thousands and thousands of infringed copyrighted works found in SCRIBD's "library." There has been no discovery in this matter and SCRIBD is well aware of the issues framed by the FAC.

When converting a motion to dismiss into a motion for summary judgment, the courts must follow the notice and hearing requirements of Fed.R. Civ.P 12(b) and 56(c). *Smith's Estate v. Tarrant County Hosp. Dist.*, 691 F.2d 207, 208 (1982). Rule 12(b) does not require express notice, but it does require that the parties are given some notice that the court will treat the 12(b)(6) motion as a motion for summary judgment. *Gay v. Wall*, 761 F.2d 175, 177 (C.A.4 1985).

Notice that material outside the pleadings will be considered at the hearing is sufficient notice under 12(b)(6). *Id*. When the court treats the motion to dismiss as a motion for summary judgment, the court must also give some reasonable opportunity for discovery. *Id*.

In *Johnson v. RAC Corporation*, the Mr. WILLIAMS sued the Defendant on a products liability claim. 419 F.2d 510, 512 (C.A.Md. 1974). The Defendant claimed that the corporation had dissolved over three years ago and according to Delaware law, this meant the claim was time bared. *Id*. The Defendant then filed a motion to dismiss and filed for a protective order against all discovery until the motion to dismiss was ruled on. *Id*. As a result of this protective order, Mr. WILLIAMS was not able to provide any evidence that the company was still acting as a corporation and was not in fact dissolved. *Id* at 513. The trial court converted the motion to dismiss into a summary judgment motion and found for the Defendant. *Id*. The appeals court

15

found the Mr. WILLIAMS should have been afforded some discovery to determine the corporation's status. *Id* at 514.

## VII. CONCLUSION.

Based on the foregoing points and authorities, the lodged exhibits, Plaintiff LARRY WILLIAMS' First Amended Complaint and its exhibits, Mr. WILLIAMS respectfully requests this court deny Defendant SCRIBD's motion to dismiss pursuant to Rule 12(b)(6). Alternatively, should the Court find deficiencies in Mr. WILLIAMS' current amended complaint, he requests leave to amend his First Amended Complaint.

Respectfully submitted.

DATED_____                    *LAW OFFICE OF KURT W. HALLOCK*

                                        S/ Kurt W. Hallock
                                    By:_____
                                      Kurt W. Hallock, Attorney for
                                      Attorney for  Plaintiff Larry Williams

**PROOF OF SERVICE**

I, the undersigned, declare that I am over the age of eighteen years and not a party to this action. I am employed in the County of San Diego where this service occurred. My business address is 110 West "C" Street, Suite 1905, San Diego, California 92101. I hereby certify that on February 22, 2010, I electronically transmitted:

1) Plaintiff Larry Williams' Sur-Reply in Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss.

To the Clerk's Office pursuant to Electronic Case Filing Administrative Policies and Procedures using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the Following CM/ECF registrants who have consented to electronic service through the Court's transmission facilities:

Richard P. Sybert, e-mail: rsybert@gordonrees.com;
Attorney for Defendant Scribd, Inc.
Yuo-Fong C. Amato, e-mail: bamato@gordonrees.com;
Attorney for Defendant Scribd, Inc.

1  I declare under penalty of perjury under the laws of the United States that the foregoing is
2  true and correct. Executed on February 22, 2010 at San Diego, CA.

                                            S/ Kurt W. Hallock
                                            _____
                                            Kurt W. Hallock

17

PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S RULE 12(b) MOTION TO DISMISS