# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| ELAINE SCOTT, *Plaintiff*, v. SCRIBD INC., *Defendant*. | Case No. 4:09-cv-3039-MH  Jury Demanded |

## JOINT DISCOVERY AND CASE MANAGEMENT PLAN

K.A.D. Camara
Texas Bar No. 24062646
Southern District Bar No. 870498
`camara@camarasibley.com`
 *Attorney-in-Charge for the Plaintiff*

Kent Radford
Texas Bar No. 24027640
`radford@camarasibley.com`
Camara & Sibley LLP
2339 University Boulevard
Houston, Texas 77005
713-893-7973
713-893-1131 (fax)
 *Attorneys for the Plaintiff*

Barry G. Flynn
Texas Bar No. 07196560
bflynn@gordonrees.com
    *Attorney-in-Charge for the Defendant*

Daniel Kistler
Texas Bar No. 11540300
DKistler@gordonrees.com
GORDON & REES LLP
1900 W. Loop S., Ste. 1000
Houston, Texas 77027
713-961-3366
713-961-3938 (fax)
    *Attorneys for the Defendant*

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

    The meeting was held at Brian O'Neal's restaurant on Thursday, December 10, 2009, at noon. K.A.D. Camara and Timothy Paul Nyberg attended for the plaintiff. Barry G. Flynn and Daniel D. Kistler attended for the defendant. The parties have had subsequent discussions by phone and email.

2. **List the cases related to this one that are pending in any state or federal court wiht the case number and court.**

    Plaintiff contends that the only related case is Larry Williams *v.* Scribd Inc. (and certain Doe defendants), pending as Case No. 09-cv-1836 in the United States District Court for the Southern District of California. Mr. Williams alleges that his copyrighted works were also misappropriated by Scribd. Scribd denies this allegation. Mr. Williams did not plead his case as a class action. Defendant does not beleive the Larry Williams case is a "related case."

3. **Briefly describe what this case is about.**

    This is a copyright-infringement case. Plaintiff conetends that Elaine Scott is a prolific author of children's books. She alleges that one of her books, *Stocks and Bonds*, was published on and repeatedly downloaded from Scribd's web site, `www.scribd.com`, without her permission, and

3

that this constitutes copyright infringement. Moreover, she alleges that Scribd knows that copyright infringement is rampant on its web site and that Scribd profits directly from this infringement through advertising, so that Scribd does not qualify for the safe harbor set out in 17 U.S.C. §512(c)(1). Scribd denies these allegations, claiming that it actively polices its web site for copyright infringement and, in any event, qualifies for the §512(c)(1) safe harbor.

4. **Specify the allegation of federal jurisdiction.**

   Federal jurisdiction exists under 28 U.S.C. §1331 (federal question) because Mrs. Scott is suing for copyright infringement, a federal cause of action.

5. **Name the parties who disagree and the reasons.**

   No party disagrees that federal jurisdiction exists.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   The parties do not presently expect to join additional parties, although Mrs. Scott may seek to join additional defendants if, in discovery, she discovers that others collaborated in the acts over which she is suing. Defendant may seek to join additional parties as may be identified through subsequent investigation and discovery.

7. **List anticipated interventions.**

4

No interventions are anticipated.

8. **Describe class-action issues.**

   The case is pled as a class action. Scribd has filed a motion to strike the class-action allegations. Mrs. Scott has responded to this motion. Scribd may seek leave to reply. The motion is now pending before this Court. The parties propose proceeding with merits discovery on an expedited six-month basis, allowing the parties to file motions for summary judgment, and deferring until then any class discovery and any motion to certify.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The parties agree that they will complete initial disclosures by January 30, 2010.

10. **Describe the proposed agreed discovery plan, including:**

    (a) **Responses to all the matters raised in Rule 26(f).**

    **Initial disclosures.** The parties agree that they will complete initial disclosures by January 30, 2010.

    **Subjects, duration, and phasing of discovery.** The parties agree that merits discovery should take place on an expedited (but

5

individual) basis and will be completed no later than June 30, 2010. The parties then propose that they have an opportunity to prepare and file motions for summary judgment no later than July 30, 2010, and that the Court have an opportunity to rule on these motions. If the case is not disposed of on summary judgment, then the parties propose that they proceed with class discovery subject to the Court's ruling on Scribd's Motion to Strike Class Action Allegations. The subjects of discovery to be propounded by Plaintiff will include the manner in which Scribd's web site, iPaper, and advertising operate, Scribd's financial relationships with advertisers and advertising intermediaries such as Google, and Scribd's knowledge of copyright infringement on its web site. The subjects of discovery to be propounded by Defendant will include Plaintiff's copyright, Plaintiff's claims of infringement, and Plaintiff's damages, if any.

**Electronically stored information.** The parties agree that they will provide electronically stored information electronically, in native file format, and, upon request, in Bates-stamped paper also.

**Privilege.** The parties anticipate no special questions of privilege.

**Changes to discovery rules.** The parties do not request any changes to the discovery rules, other than the phased discovery

requested in this joint discovery plan.

(b) **When and to whom the plaintiff anticipates it may send interrogatories.**

The plaintiff anticipates sending interrogatories to the defendant during the expedited merits discovery period. The plaintiff may send further interrogatories during the class discovery period, if applicable.

(c) **When and to whom the defendant anticipates it may send interrogatories.**

The defendant anticipates sending interrogatories to the plaintiff during the expedited merits discovery period. The defendant may send further interrogatories during the class discovery period, if applicable.

(d) **Of whom and by when the plaintiff anticipates taking oral depositions.**

The plaintiff anticipates deposing Scribd's senior business executive, Trip Adler, and the persons at Scribd most knowledgeable about the technical operation of its web site and iPaper, its efforts to combat copyright infringement, and its business plan. The plaintiff may also depose other persons who discovery reveals to have relevant knowledge. The plaintiff will also depose any experts on which Scribd intends to rely.

7

(e) **Of whom and by when the defendant anticipates taking oral depositions.**

The defendant anticipates deposing the plaintiff and any experts on which she intends to rely. The defendant may depose such other individuals who discovery discloses have knowledge of relevant facts.

(f) **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

The parties agree that opening expert reports will be due June 1, 2010, response reports will be due July 1, 2010, and reply reports, if any, will be due July 15, 2010. The parties will make their experts readily available for depositions during this period.

(g) **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.**

The plaintiff will depose response experts between June 30, 2010, and July 31, 2010.

(h) **List expert depositions the opposing party anticipates taking and their anticipated completion date.**

8

> The defendant will depose opening experts between June 1 and June 30, 2010.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    The parties are in agreement.

12. **Specify the discovery beynd initial disclosures that has been undertaken to date.**

    None.

13. **State the date the planned discovery can reasonably be completed.**

    Merits discovery can be completed by July 31, 2010.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties believe that mediation may be productive after some discovery into Scribd's asserted §512(c)(1) defense has been completed.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The parties have agreed to conduct expedited discovery into the merits of Scribd's §512(c)(1) defense in hope of achieving a quick resolution.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    Mediation would be most effective. It would be most effective after merits discovery is complete and while motions for summary judgment are pending.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties are opposed to trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    The plaintiff demanded jury trial on all issues in her original complaint. This demand was timely.

19. **Specify the number of hours it will take to present the evidence in this case.**

    30 court hours.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

10

The pending motions are Defendant's motion to strike the class allegations and Plaintiff's motion to strike the affirmative defenses.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    The only matter requiring special attention is the parties' proposed phased discovery plan.

23. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

    For the plaintiff: K.A.D. Camara (No. 24062646) and Kent Radford (No. 24027640), Camara & Sibley LLP, 2339 University Boulevard, Houston, Texas 77005, 713-893-7973. For the defendant: Barry G. Flynn (No. 7196560) and Daniel D. Kistler (No. 11540300), Gordon & Rees, 1900 West Loop South, Suite 1000, Houston, Texas 77027, 713-961-3366.

DATED: January 7, 2009

Respectfully submitted,

/s/ K.A.D. Camara
K.A.D. Camara
Texas Bar No. 24062646
Southern District Bar No. 870498
camara@camarasibley.com
    *Attorney-in-Charge for the Plaintiff*

Kent Radford
Texas Bar No. 24027640
radford@camarasibley.com
Camara & Sibley LLP
2339 University Boulevard
Houston, Texas 77005
713-893-7973
713-893-1131 (fax)
    *Attorneys for the Plaintiff*

/s/ Barry G. Flynn
Barry G. Flynn
Texas Bar No. 07196560
bflynn@gordonrees.com
    *Attorney-in-Charge for the Defendant*

Daniel Kistler
Texas Bar No. 11540300
DKistler@gordonrees.com
Gordon & Rees LLP
1900 W. Loop S., Ste. 1000
Houston, Texas 77027
713-961-3366
713-961-3938 (fax)
    *Attorneys for the Defendant*

12

## Certificate of Service

I hereby certify that I served this document on counsel of record as listed on the Court's CM/ECF system by CM/ECF on January 7, 2010.

/s/ K.A.D. Camara
K.A.D. Camara

13