Richard P. Sybert, Bar No. 80731
email rsybert@gordonrees.com
Yuo-Fong C. Amato, Bar No. 261453
email bamato@gordonrees.com
GORDON & REES LLP
101 W. Broadway, Suite 1600
San Diego, California 92101
tel (619) 696-6700 / fax (619) 696-7124

Attorneys for Defendant
SCRIBD, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAMS, | CASE NO.  09-cv-1836-LAB-WMc |
| Plaintiff, | **DEFENDANT SCRIBD, INC.'S *EX PARTE* MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFF'S SURREPLY TO MOTION TO DISMISS** |
| vs. | |
| SCRIBD, INC., a corporation, GalaxiaMia sued as DOE 1; api_user_11797_malvik as DOE 2; alukmanto as DOE 3; api_user_11797_NEBOJSAJE as DOE 4; mikaj as Doe 5; Srikanthbnm sued as DOE 6; api_user_11797_Sathis sued as DOE 7; api_user_11797_tevado… sued as DOE 8; api_user_11797_ingrid… sued as DOE 9; and DOES 10 to 40 are upload infringers to be named, | Dept:   9<br>Judicial Officer:  Hon. Larry A. Burns |
| Defendants. | |

TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant Scribd, Inc. ("Defendant" or "Scribd") hereby respectfully applies to this Court *ex parte* for an Order granting Scribd leave to file a response to Plaintiff Larry Williams's ("Plaintiff") Surreply to the motion to dismiss, because that Surreply raises new issues and cites purported law not previously presented to the Court in Plaintiff's Opposition.  Plaintiff's counsel has been notified of this *ex parte* motion and objects to the request.

Specifically, a response to the Surreply is both necessary and appropriate here, as Plaintiff has raised for the first time in his Surreply brief several new arguments.  For example,

1  the Surreply introduced the argument that the volitional element of <u>direct</u> copyright infringement

2  existed because Scribd's CEO, Trip Adler, was a "friend" of an upload infringer.  Surreply 8:15-

3  26.  In addition, the Surreply newly applied the "friend" argument to the <u>vicarious</u> copyright

4  infringement claim.  Surreply 11:6-7.  However, Plaintiff's opposition did not address the

5  "friend" argument, and the FAC only applied the "friend" argument in context of the

6  <u>contributory</u> copyright infringement claim.  FAC ¶¶ 37-56.

7        Plaintiff further introduces in his Surreply a new request to conduct discovery, the

8  conditional request for leave to further amend the FAC, exhibits from another case involving

9  Scribd, and improper conclusions from the facts alleged in the FAC, among other things.

10 Surreply 12:8-15, 14:18-25, and *passim*.

11       Simple fairness and due process call for Scribd to have the opportunity, through the

12 attached proposed Response to Surreply, to address this new material even if briefly.

13       Scribd's instant *ex parte* motion is supported by the attached Memorandum of Points and

14 Authorities, the Declaration of Yuo-Fong C. Amato, and the case file already before the Court.

15

16 Dated:  February 23, 2010                                       Respectfully submitted,

17                                                                                          GORDON & REES LLP

18

19                                                                            by    s/Richard P. Sybert/

20                                                                                 Richard P. Sybert
                                                                                   Yuo-Fong C. Amato
21                                                                                 Attorneys for Defendant
                                                                                   SCRIBD, INC.

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF SCRIBD'S EX PARTE MOTION**

### A. Introduction

On August 25, 2009, Plaintiff filed the instant action. Scribd moved to dismiss on November 30, 2009, and the Court calendared the motion hearing for February 22, 2010. On February 5, 2010, Plaintiff filed the First Amended Complaint ("FAC"), which was untimely under Federal Rules of Civil Procedure, Rule 15(a)(2). On February 8, 2010, Plaintiff filed his opposition to the motion to dismiss. After Plaintiff sought leave to amend pursuant to the Court's order, which the Court granted, the Court presented Scribd with two options: take the pending motion to dismiss off-calendar (and file a new motion to dismiss the FAC), or file a reply brief that would address how the FAC would not survive the pending motion to dismiss. If Scribd opted for the latter, which it did, Plaintiff could file a Surreply by February 22, 2010, which Plaintiff did. However, as the Surreply introduced new arguments that Scribd did not have the opportunity to address in its reply brief, Scribd respectfully requests that this Court grant leave for Scribd to file a response to the Surreply.

### B. Scribd Should Be Given the Opportunity to Address the Surreply's New Arguments.

When a reply or Surreply brief raises new issues, the opposing party may move the Court to file a response. *See Alaska Wildlife Alliance v. Jensen*, 108 F.3d 1065, 1068n.5 (9th Cir. 1997). "The standard for granting leave to file a [responsive brief] is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Robinson v. Detroit News, Inc.*, 211 F.Supp.2d 101, 113 (D.D.C. 2002) (citing *Lewis v. Rumsfeld*, 154 F.Supp.2d 56, 61 (D.D.C. 2001)). A responsive brief should be allowed "where a valid reason for such additional briefing exists, such as where…new arguments [are raised]." *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D.Ga. 2005); *see also Toomey v. Nextel Communs., Inc.*, 2004 U.S. Dist. LEXIS 30793 (N.D.Cal. Sept. 23, 2004); *Hammett v. Am. Bankers Ins. Co.*, 203 F.R.D. 690, 695n.1 (S.D. Fla. 2001).

As the Surreply introduced new arguments that Scribd would otherwise be unable to

1   respond (as no oral arguments will be heard), a response to the Surreply therefore is necessary
2   and appropriate.

3   Among the new arguments introduced in the Surreply is the argument that the volitional
4   element of <u>direct</u> copyright infringement existed because Scribd's CEO, Trip Adler, was a
5   "friend" of an upload infringer. Surreply 8:15-26. The Surreply also newly applied the "friend"
6   argument to the <u>vicarious</u> copyright infringement claim. Surreply 11:6-7. However, Plaintiff's
7   opposition did not address the "friend" argument, and the FAC only applied the "friend"
8   argument in context of the <u>contributory</u> copyright infringement claim. FAC ¶¶ 37-56.

9   Plaintiff further introduced the request to conduct discovery, the conditional request for
10  leave to further amend the FAC, exhibits from another case involving Scribd, and improper
11  conclusions from the facts alleged in the FAC, among other things. Surreply 12:8-15, 14:18-25,
12  and *passim*.

13  Special circumstances exist here: Plaintiff's actual opposition brief ("opposition") was
14  primarily dedicated to arguing the mootness of the motion to dismiss in light of the FAC, and
15  contained very little discussion regarding the merits of the motion. Plaintiff's Surreply
16  functions, in effect, as Plaintiff's opposition brief. *See* Opposition generally. The response to
17  the Surreply instantly requested by Scribd would thus function as a reply brief, the filing of
18  which is allowed by this Court. *See* United States District Court, Southern District of California,
19  Local Rule 7.1(e)(3).

20  **C.     In the Alternative, the Court Should Strike All New Arguments and Supporting**
21  **        Authorities in Plaintiff's Surreply.**

22  Alternatively, this Court should refuse to consider arguments presented for the first time
23  in Plaintiff's Surreply. "[Parties] cannot raise a new issue for the first time in their [sur-]reply
24  briefs." *Antoninetti v. Chipotle Mexican Grill, Inc.*, 2007 U.S. Dist. LEXIS 62288 (S.D. Cal.
25  Aug. 23, 2007) (citing *State of Nev. v. Watkins*, 914 F.2d 1545, 1560 (9th Cir. 1990) and
26  adopting the appellate brief rule to district court briefs). As such, this Court should strike
27  arguments presented by the Plaintiff for the first time in his Surreply.
28

-4-
SCRIBD, INC.'S *EX PARTE* MOTION FOR LEAVE TO FILE RESPONSE TO SURREPLY
CASE NO. 09-CV-1836-LAB-WMC

-5-

### D. Conclusion

For the reasons enumerated above, Defendant Scribd respectfully requests that this Court issue an Order granting leave to file a response to the Surreply. If the Court wishes not to grant such an Order, Scribd requests that this Court strike new arguments introduced in the Surreply.

Dated:  February 23, 2010

Respectfully submitted,
GORDON & REES LLP

by   s/Richard P. Sybert/

Richard P. Sybert
Yuo-Fong C. Amato
Attorneys for Defendant
SCRIBD, INC.